26 C.C.P.A. (Patents)

## LANGFIELD v. BRADY.

### Patent Appeal No. 4089.

Court of Customs and Patent Appeals.

Feb. 6, 1939.

Edward S. Rogers, William T. Woodson, and James H. Rogers, all of Chicago, Ill., and Francis L. Browne, Dudley Browne, and Thomas L. Mead, Jr., all of Washington, D. C., for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

On January 29, 1936, appellee filed in the United States Patent Office an application for the registration, under the Trademark Act of February 20, 1905, 15 U.S. C.A. § 81 et seq., of the notation "Solvoline" as a trade-mark for a "non-explosive Dry Cleaning Fluid." The petition stated that said mark had been continuously used and applied to said goods in appellee's business since about June 1, 1932.

Appellant filed notice of opposition to said application, alleging that since long prior to June 1, 1932, he had manufactured and sold a dry-cleaning soap, and had continuously applied thereto and used thereon in sales throughout the United States the trade-mark "Solvite." He alleged registration of his said mark on June 12, 1928, registration No. 243,223, and attached a certified copy thereof to said notice. He further alleged that the goods upon which appellee applies his mark are identical with the goods of appellant, that said marks are confusingly similar, and that appellant would be damaged by the registration of appellee's mark.

Both parties took testimony. It is established that appellant used his trade-mark long prior to any use by appellee of his mark.

Only two questions are involved, viz., whether a dry-cleaning soap and a dry-cleaning fluid are goods of the same descriptive properties, and whether the marks of the parties are confusingly similar.

The testimony shows that appellee's goods are prepared ready for use by the purchasers, while appellant's goods are

intended to be diluted with gasoline or naphtha, the resulting product being then used in a fluid state.

The Examiner of Trade-mark Interferences sustained the notice of opposition, holding that the goods of the parties to which the marks are applied are of the same descriptive properties, and that the marks are so similar that their concurrent use is likely to cause confusion and mistake in the minds of purchasers.

Upon appeal the commissioner, through his assistant, reversed the decision of the examiner and dismissed the opposition, holding that, while the goods of the parties are of the same descriptive properties, they are widely different in many of their essential characteristics and that, considering the difference in the marks and the difference in the goods, there is no reasonable likelihood of confusion in the concurrent use of the two marks. The assistant commissioner, in coming to this conclusion, relied largely upon our decision in Vick Chemical Co. v. Thomas Kerfoot & Co., Ltd., 80 F.2d 73, 23 C.C.P.A., Patents, 752, wherein we held that the mark "Vapex," applied to an inhalant used in the treatment of colds, and the mark "Vaporub," applied to a salve for the relief of colds, were not confusingly similar.

 Decisions of this and other courts upon the question of confusing similarity of other marks not here involved can not of course be controlling here, and are merely persuasive, for each case must be decided upon its own facts. However, the case of Langfield, etc., v. Solvit-All Corporation, 49 F.2d 480, 18 C.C.P.A., Patents, 1313, in our opinion, has a closer application to the case at bar than the case relied upon by the assistant commissioner. The appellant in that case was the appellant here; in that case he opposed the application for registration of the mark "Solvit-All," used on sanitary solvents for cleaning, disinfecting, and deodorizing toilet bowls and similar articles. We there held that the goods of the parties were of the same descriptive properties, and with respect to the confusing similarity of the marks there involved we said [page 481]: "That the marks are confusingly similar is evident, and requires no discussion."

In the case at bar the goods to which the marks are applied, while not identical, are very closely related, and, when concurrently used upon such goods,

the marks "Solvite" and "Solvoline" are, in our opinion, likely to cause confusion in the minds of purchasers.

We are in accord with the decision of the Examiner of Trade-mark Interferences, and the decision of the commissioner is reversed.

Reversed.