27 C.C.P.A.(Patents)

### KRAFT–PHENIX CHEESE CORPORATION v. CONSOLIDATED BEVERAGES, Limited.

Patent Appeal No. 4223.

Court of Customs and Patent Appeals.

Dec. 26, 1939.

Cyril A. Soans and Wm. E. Anderson, both of Chicago, Ill., for appellant.

Eugene E. Stevens, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming that of the Examiner of Interferences dismissing the opposition of appellant which sought to prevent the registration by appellee of the mark "O'Kee-Dokee." The application alleges use of the mark sought to be registered since January 2, 1936, for "Nonalcoholic maltless beverages sold as soft drinks and syrups and extracts used in making the same."

Appellant, owner of the registered trademark "O-Ke-Doke" issued November 19, 1934, alleges in its notice of opposition that the goods mentioned in the application of appellee are of the same descriptive properties as the products of the appellant, and that the mark of the appellee so closely resembles the mark of the appellant as to be likely to cause confusion in the mind of the public and to deceive purchasers.

These allegations of appellant are traversed by answer. Both parties took testimony and many exhibits are in evidence.

The goods which appellant alleges possess the same descriptive properties as the soft drinks of the appellee are, for the greater part, cheese-coated popcorn, although there is testimony that some cheese flavoring is sold and sprayed on popcorn. All of the aforesaid cheese-flavored popcorn, however, is sold under the trade-mark of the appellant. The merchandise which appellant principally relies on is cheese-coated popcorn, the record showing that it is in part sold in cans and small bags to, and retailed by, chain and drug stores such as handle soft drinks. It was testified that it is sold by appellant in greater part to the tavern trade and is highly recommended by appellant for serving with beverages. It is advertised as "An amazing thirst creator and appetizer * * * it speeds up orders. Keep O-Ke-Doke on the bar; serve it at tables."

The only witness appearing for appellant had charge of its bakery products department which handles the cheese-coated popcorn. When asked to name any concern which manufactured both cheese-flavored food products and soft drinks, he referred only to the Wheeler Mineral Springs Company of Youngstown, Ohio, one of appellant's customers for cheese flavoring. This customer puts the flavoring on popcorn, and is a seller of mineral water.

The Examiner of Interferences, after pointing out that the property of creating thirst alleged to be present in appellant's goods was stressed in appellant's brief, stated that this characteristic was not believed to be necessarily important to the issue because many edibles such as fish and peanuts have a like effect. The examiner held that: "For opposer to emphasize it [thirst quenching property] in promoting the sale of its goods cannot affect the essential characteristics of the goods of either party."

After stating that it seemed to him that appellant's goods are principally food products, as distinguished from a soft drink, and that there was nothing in the record which he deemed sufficient to show that both types of goods commonly have the same personal origin, the examiner held that the goods of the parties do not possess the same descriptive properties within the meaning of the statute.

The commissioner in his decision stated as follows: "Opposer stresses the fact that its cheese popcorn has been advertised as a 'thirst creator,' and has thus been popularized for consumption with beverages, and points out that the product is for sale in many establishments which also handle soft drinks. These points merit attention of course, and in close cases similar considerations have sometimes been deemed by the courts to be of controlling importance. It seems to me, however, that the goods here involved are so completely different in all essential respects that neither the possibility of their conjoint use nor the fact of their sale through common channels is of sufficient weight to affect materially the question at issue. I am clearly of the opinion that such goods do not belong to the same general class of merchandise."

■ We are of the opinion, after a careful consideration of the record, that the Commissioner of Patents did not err in holding that the goods of the parties do not belong to the same general class of merchandise.

It is commonly known that soft drinks have for their main purpose the quenching of thirst and, even though they may be flavored, ordinarily are never considered as a food. Popcorn is derived from corn and is certainly a food. Cheese is made from milk and likewise is a nutritious food product.

■ It does not appear from the record that taverns, which are alleged to be the principal outlet for opposer's goods, cater especially to the soft drink trade; and, with respect to the drug and chain stores where the goods of both parties appear to be sold, it is a matter of common knowledge that such institutions sell an almost unlimited variety of articles in distinct and substantially unrelated lines of trade.

Even though, as is stated by the commissioner, the fact that cheese popcorn has been popularized for consumption with beverages merits attention in a proper case, on the record before us we do not find that there is any likelihood of confusion as to origin or that purchasers would be deceived, although the products may be sold through common channels or used together.

■ We have examined with great care the authorities cited by appellant, but we are compelled to state that in cases of this character precedents are necessarily of little value, unless, of course, they involve applicable principles of law, for the reason that the facts ordinarily differ so materially from those forming the bases of the prior decisions that each trade-mark case involving right to registration must rest on its own facts. Langfield v. Brady, 101 F.2d 530, 531, 26 C.C.P.A., Patents, 908, wherein it was said: "Decisions of this and other courts upon the question of confusing similarity of other marks not here involved can not of course be controlling here, and are merely persuasive, for each case must be decided upon its own facts."

None of the cases cited by the appellant involved any principle of law favorable to his contention here.

Accordingly, we are of the opinion, in view of the record presented, that the goods of the respective parties are not of the same class and do not possess the same descriptive properties. Since we are of this opinion, it is unnecessary for us to consider the similarity in the names "O-Ke-Doke" and "O'Kee-Dokee."

Points of minor importance have been raised on this appeal, but in view of our decision it is not necessary to unduly prolong this opinion by discussing them.

The decision of the Commissioner of Patents is affirmed.

Affirmed.