32 C.C.P.A. (Patents)

### GOLDSMITH BROS. v. ATLAS SUPPLY CO.

Patent Appeals No. 4998.

Court of Customs and Patent Appeals.
April 9, 1945.

Bloomberg & Bloomberg, of New York City (Edwin Levisohn and Harry Cohen, both of New York City, of counsel), for appellant.

Barry & Cyr, of Washington, D. C. (W. W. Nottingham and Robert E. Barry, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Commissioner of Patents, 60 U.S.P.Q. 18, affirming that of the Examiner of Interferences dismissing a notice of opposition filed by appellant to the application of appellee to register its trade-mark "Coldex," written in script, as applied to an automobile anti-freeze compound, and adjudging the mark to be registrable.

Both parties took testimony.

It appears that appellant, a corporation, does a mercantile business in the city of New York, in several diversified lines in which the mark "Goldex" is applied to many articles. It operates in its store a drug department and a department for automobile accessories. In the latter it sells anti-freeze preparations, none of which, however, bears its own trade-mark. In the notice of opposition appellant alleged it would be damaged by the registration of appellee's mark and relied on three registrations of its trade-mark. Two are for the use of the mark on chemicals, medicines and pharmaceutical preparations, and the third, on toilet preparations.

During the taking of testimony appellant introduced in evidence a can of motor oil and a can of polishing wax suitable for use on automobiles, on the labels of which appear its trade-mark. The Examiner of Interferences refused to consider such evidence for the reason that the use of the mark on those articles had not been pleaded in the notice of opposition. He also refused to consider it in an ex parte decision as to the registrability of appellee's mark.

In one of the registrations, it appears that appellant's mark is applied to pure glycerin and rubbing alcohol, and with respect to those opposer established a prior use of his mark. Appellant contends here, as it contended below, that its glycerin and alcohol are goods of the same descriptive properties as appellee's anti-freeze compound.

We cannot agree with that contention. While it is well-known that glycerin and alcohol may be used in anti-freeze preparations for automobiles, the pure glycerin and rubbing alcohol of appellant's registration are included with a great many other medicinal and pharmaceutical preparations, which in our opinion would restrict the scope of the registration to those substances as pharmaceuticals. In our opinion appellant's registration cannot cover glycerin or alcohol in every guise.

The pure glycerin and rubbing alcohol of appellant are sold only in its drug department, and its anti-freeze preparations only in the automobile accessory department. Appellant has shown no use of glycerin or alcohol other than as pharmaceuticals. Therefore we are of opinion, as were the tribunals below, that its use of its mark on those substances is confined to them only as pharmaceuticals. In our opinion the involved goods of the parties are not of the same descriptive properties, and therefore the similarity of sound and the appearance of the marks need not be discussed.

Appellant urges that in the natural or normal extension of its business it should be able to apply its mark to an anti-freeze preparation of its own. We do not think that such extension would be either natural or normal, but would be extending into an unrelated field involving different trade channels, manner of packaging and sale, and a different class of purchasers. Pratt & Lambert, Inc., v. Chap-

man & Rodgers, Inc., 30 C.C.P.A., Patents, 1228, 136 F.2d 909.

Since we are of opinion that the goods are not of the same descriptive properties, we are in accord with the decisions below.

Appellant contends that, even though the notice of opposition was dismissed, registration should have been denied ex parte. Since appellant did not plead the use of its mark on motor oil or its registration for polishing wax that might be used on automobiles, the evidence with respect thereto cannot be deemed pertinent to the issue and the Examiner of Interferences and Commissioner of Patents properly refused to consider it. Appellant avers that his exhibit of polishing wax should be considered for the reason that its mark applied to that substance has been registered and is mentioned in one of the registrations pleaded. That registration, however, merely sets out the number of the wax registration, together with other numbers of registrations which appellant possesses, but does not disclose what any of those registrations was for. If appellant intended to rely upon its registered mark as applied to polishing wax it should have pleaded it the same as it did others.

We find no error in the decision of the commissioner, and for that reason it is affirmed.

Affirmed.