**33** C.C.P.A.(Patents)

### Application of McMAHAN.

### Patent Appeal No. 5069.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

R. H. Waters, of Akron, Ohio (A. H. Oldham, of Youngstown, Ohio, and Edmund H. Parry, Jr., of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in his rejection of claims 1, 2, 4, 5, and 6 in appellant's application for a patent on a device to prevent leakage in the event of a puncture of a tire completely filled with water. All the claims were rejected as lacking invention over the prior art and claims 2 and 3 were further rejected as vague and indefinite. Appellant, however, has withdrawn claims 2 and 5 from consideration in this appeal and the appeal as to these claims will be dismissed.

Claim 1, which is illustrative, reads:

"1. A tire completely filled with water, with fibrous material uniformly suspended throughout the water to prevent leakage in the event of a puncture."

According to appellant's specification a fibrous material consisting of cotton linters preferably first treated with a wetting agent is added to the water in a tire or inner tube and suspended therein so that in the event of a puncture the water passing out through the opening in the tire or tube will carry with it some of the fibrous material, and the fibrous material will soon stop the hole and prevent further leakage indefinitely.

The references are:

Dow, 836,569, November 20, 1906.

Cotchett, 1,905,268, April 25, 1933.

Zimmerman et al., 2,237,207, April 1, 1941.

The patent to Dow as described in his specification provides for sealing and healing punctures in pneumatic tires by the employment therein of a conveying or carrying medium consisting of a fluid, preferably having a flowing quality and one that does not readily evaporate, which is mixed with a long tough fiber such as feathers, long fibered cotton or other material. This flowing compound is carried by the tire in position to be affected by the pneumatic pressure when a puncture occurs so as to drive the compound into the puncture and by so doing to both close and seal the aperture.

Dow makes the statement in his specification that many inventions have been made for the purpose of developing suitable materials for sealing punctures, such as finely divided chalk, graphite and cotton fibers cut into short lengths; and after variously describing his carrying medium as *preferably having a flowing quality, semi-fluid material, paste, sealing compound, healing fluid,* and *thick pasty fluid,* Dow, at the end of his specification, defines "liquid" to mean:

"In the claims appended to this specification I employ the word 'liquid' as forming part of the combination of the compound referred to therein. I desire to define the meaning that I intend to give to this word as follows: I do not intend to include therein any fluids such as air or gas, but only fluids having a body and substance greater than that of air and gas, as water, paste, or healing compounds formed of various materials known to the art. In other words, I define the word 'liquid' as used by me in my claims herein as being a substance differentiated from air or gas by the expression

'liquid material,' such as water or combinations of liquids known in the arts as 'healing compounds,' wherein the combination forms a fluid or plastic material which may be of a plastic or semifluid nature or of any other nature suitable for the purposes other than gases or air."

The patent to Cotchett discloses the use of a wetting agent which causes cotton fibers to adhere lightly together and the patent to Zimmerman et al. describes a tire filled with water as an inflating medium.

The Primary Examiner and the Board of Appeals both rejected the appealed claims on the ground that it would not involve invention to mix fibrous material with the water in the tire of Zimmerman et al. to provide a self-healing mixture in view of Dow who uses fibrous material for the same purpose.

Appellant urges that the Primary Examiner and the Board of Appeals each misinterpreted the disclosure in the patent to Dow and contends that Dow does not teach the use of water separately from a semifluid healing compound as a carrier for his fibers.

In the final analysis it is noted that Dow in his specification twice defines as water the "liquid" which may be utilized as a conveying or carrier medium for the fibrous material which he discloses. It is also noted that elsewhere in his specification Dow states explicitly that "cotton fibers cut into short lengths" has been developed as a suitable material for sealing punctures in a tire.

The clear inference to be drawn from the statements hereinbefore noted is that Dow teaches the use of water as a carrier for his fibrous material, and that the use of "cotton fibers cut into short lengths" would suggest to one skilled in the art the suitability of the material disclosed by appellant as a mixture for the purpose of preventing leakage in a tire filled with water.

Moreover, it is true, as pointed out in the brief of the Solicitor for the Patent Office, that since it was old, as disclosed in the patent to Zimmerman et al., to fill a tire with water and since Dow mixes his material for sealing punctures with fluids such as water, or what is known in the art as healing compounds, there was nothing inventive in carrying forward the idea of Dow of using fibrous material to prevent leakage in a tire filled with water.

Other questions here raised by appellant do not require statement and discussion in this opinion. Inasmuch as the appeal as to claims 2 and 5 has been withdrawn, the appeal with respect to them is hereby dismissed; and since the record fully warrants the action of the board in rejecting claims 1, 4 and 6, its decision in so doing is accordingly affirmed.

Affirmed.