SCHOLL MFG. CO., Inc. v. SIMON.
Patent Appeal No. 5527.

United States Court of Customs and Patent Appeals.
March 1, 1949.

HATFIELD, J., dissenting.

———◆———

Stephen J. Cox, of New York City (Stephen G. Cox, of New York City, of counsel), for appellant.

No appearance for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition to appellee's application for registration of the notation "Zindex" as applied to a foot preparation for athlete's foot, and holding that appellee was entitled to register the mark under Section 5 of the Trade-Mark Act of February 20, 1905, 33 Stat. 725.

It is alleged in appellee's application for registration that appellee has used its mark on its goods since November 30, 1943.

In its notice of opposition, appellant alleges that it is the owner of the trade-mark "Solvex"; that it has used its mark on its goods since March, 1930, and that it would

be damaged by the registration of the mark "Zindex" to appellee; that it would interfere with the rights vested in appellant; that it is deceptively and confusingly similar to appellant's mark and would cause deception and confusion of the trade and purchasing public; that it would enable the appellee to trade on and reap the benefits of the good will and reputation of appellant, and allow appellee and his dealers to pass off its goods as those of appellant and reap the harvest and benefit of appellant's costly and extensive advertising and other selling efforts; that appellee's product is an article substantially identical with appellant's said product and is of the same descriptive properties and in the same class.

Appellant also contends that the use by appellee on his labels of the words "Aid-Oll Drugs" adds to the confusing similarity which he alleges exists between the marks in issue due to appellant's use of the trade-mark "Ease-All," registered in Class 44, and that such use by appellee will cause deception to those purchasers who look at the maker's name.

Evidence was introduced by each of the parties.

In his decision, the commissioner held, as did the Examiner of Interferences, that "when the marks are considered in their entireties, as they must be, they are so generally dissimilar that confusion in trade would not be likely to occur."

The commissioner also held that "The two marks neither look alike, sound alike, nor have any similarity in meaning." We concur in those findings.

During the taking of its testimony (depositions), the appellant introduced three additional registrations of marks which it claims to be somewhat more similar to appellee's mark than "Solvex," and gave notice that it would move to amend the notice of opposition "at or before the hearing under Rule 15(b) of the Federal Rules of Civil Procedure." Thereafter appellant did move to amend the notice of opposition to conform the pleadings to the proof under Rule 15(b) of the Federal Rules of Civil Procedure. The Examiner of Interferences denied the motion to amend, refused

to consider other marks than the one originally pleaded, and excluded all evidence concerning the other marks. That ruling was affirmed by the commissioner.

Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., reads in part as follows:

"Rule 15. Amended and Supplemental Pleadings

\* \* \* \* \* \*

"(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. \* \* \*"

Appellant contends that because appellee did not object to testimony taken by appellant regarding the marks "Zino-Pads," "Zin-Ox Pads," and "Zino," or to the notice of amendment until it came to the taking of appellant's rebuttal testimony, more than six months later; and that because appellee took testimony and introduced exhibits in answer to the testimony of appellant with respect to the marks "Zin-Ox Pads," "Zino-Pads," and "Zino," "The 'issues not raised by the pleadings' as originally filed were, therefore, 'tried by express or implied consent';" and that "Any objections which might have been made were, therefore, waived by appellee."

We do not agree with that contention. The taking of testimony and the introduction of exhibits during the taking of the testimony did not constitute a trial of the issues. The issues were tried before the Examiner of Interferences at final hearing. At the final hearing, appellee expressly objected to the proposed amendments and to the evidence relating thereto. The examiner properly sustained those objections. Section 6 of the Trade-Mark Act of February 20, 1905, as amended, providing that "Any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor, in the Patent Office within thirty days after the publication of the mark sought to be registered," precludes any amendment setting up new grounds of opposition if filed more than thirty days after publication of the mark sought to be registered. Hannis Distilling Co. v. George W. Torrey Co., 32 App.D.C. 530. There a motion asking leave to amend the notice of opposition was filed after the thirty days allowed by statute had expired, and in affirming the decision of the examiner and commissioner denying the motion, the Court of Appeals of the District of Columbia, which then had jurisdiction in appeals in opposition proceedings, held: "We think the Examiner of Interferences properly denied the motion upon the following statement: 'If the amendment does not contain matter constituting new grounds of opposition, no advantage can result to the opponent from its admission, and the amendment should be denied; if it does set out new grounds of opposition, it is brought too late, and cannot be allowed.'"

The Hannis Distilling Co. case, supra, is conclusive on the point of bringing an amendment after the statutory limit has passed.

Because appellant's motions to amend were denied by the examiner, he also refused to give further consideration to the question of confusing similarity insofar as the notations "Zino," "Zin-Ox Pads," and "Zino-Pads" were concerned. Appellant, in his appeal to the commissioner, assigned as error the refusal of the examiner to consider those marks and determine without reference to the precise issues raised by the pleadings that applicant was not entitled, ex parte, to registration of his mark. The commissioner held that opposer was not entitled to be heard on evidence in support of grounds not specifically pleaded, citing Goldsmith Brothers v. Atlas Supply Co., 148 F.2d 1016, 32 C.C.P.A., Patents, 1001. In that case, appellee-applicant's mark "Coldex" was held not to be confusingly similar to appellant-opposer's mark "Goldex." Appellee-applicant sought registration of "Coldex" as applied to an automobile antifreeze com-

pound, whereas appellant-opposer's mark "Goldex" had been registered for use on chemicals, medicines, and pharmaceutical preparations, and toilet preparations. The opposer introduced evidence of the use of his mark "Goldex" on a can of motor oil and a can of polishing wax, and urged that in the natural extension of its business (that of a mercantile establishment operating a store with a drug department and a department for automobile accessories) it should be able to apply its mark to an antifreeze preparation of its own. One of the registrations introduced in evidence by opposer there concerned the use of its mark in the sale of pure glycerin and rubbing alcohol, but this court rejected opposer's contention that its glycerin and alcohol were goods of the same descriptive properties as applicant's antifreeze, holding that opposer's registration was restricted in scope to pharmaceuticals. The court then held that the extension of the opposer's mark from pharmaceuticals into antifreeze would be an extension into an unrelated field, citing Pratt & Lambert, Inc., v. Chapman & Rodgers, Inc., 136 F. 2d 909, 913, 30 C.C.P.A., Patents, 1228, where this court held that a liberal interpretation of the "merchandise of the same descriptive properties" language of section 5 of the Trade-Mark Act of February 20, 1905, would not permit a holding that paints and varnishes, etc. possess the same descriptive properties as insecticides and medicinal preparations. In the Goldsmith case, supra, this court held, as quoted by the commissioner in justification of his position that appellant here was not entitled to be heard on the issue that the registration of appellee's mark should have been denied ex parte, that [32 C.C.P.A., Patents, 1001, 148 F.2d 1018]

" * * *. Since appellant did not plead the use of its mark on motor oil or its registration for polishing wax that might be used on automobiles, the evidence with respect thereto cannot be deemed pertinent to the issue and the Examiner of Interferences and Commissioner of Patents properly refused to consider it. * * * If appellant intended to rely upon its registered mark as applied to polishing wax

it should have pleaded it the same as it did others."

The commissioner stated in his opinion that although he considered appellant not entitled to be heard on the issue, he had given careful consideration of appellant's contention that the opposed application should be refused registration ex parte.

The issue of whether the applicant's mark should have been rejected ex parte over the opposer's registered marks "Zino," "Zin-Ox Pads," and "Zino-Pads" is not before us on this appeal.

As between "Solvex" and "Zindex," both applied to preparations for athlete's foot, those marks are easily distinguished, as they neither look nor sound alike. Appellant argues, through his witness in the record, and before us in his brief, that the trade does not buy his products by the manufacturer's name, "Dr. Scholl's," but by the trade-mark under which the product is advertised and sold. It follows then that an intended purchaser of an athlete's foot preparation would not become so confused in asking for "Solvex" that he would say "Zindex" or any name similar in sound; nor if "Zindex" were offered to him by a clerk, through error or otherwise, would a purchaser intending to buy "Solvex" be persuaded that "Zindex" is so similar in appearance and sound that he must have confused the names.

The pertinent portion of section 5 of the Trade-Mark Act of February 20, 1905, reads:

"That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trademark on account of the nature of such mark * * *

"(b) * * * Provided, That trademarks * * * which so nearly resemble a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered: * * *"

The essential elements of the proviso are: (1) Trade-marks which so nearly resemble a known trade-mark; (2) used on merchandise of the same descriptive properties; (3) as to be likely to cause confusion in the mind of a purchaser or the public generally. All three elements must be present before bringing the proviso into operation in a particular case.

Finally, with regard to appellant's contentions respecting applicant's use of "Aid-Oll" on its "Zindex" label, and appellant's trade-mark "Ease-All," it is sufficient to point out that the record discloses that "Ease-All" is the trade-mark for an orthopedic device and does not appear on the label of any of the appellant's products here in issue. The similarity thought to exist by appellant between "Aid-Oll" and "Ease-All" as elements tending to cause confusion in trade, for that reason merits no further consideration.

The decision of the Commissioner of Patents dismissing the opposition is affirmed.

Affirmed.

HATFIELD, Judge, dissents.