29 C.C.P.A.(Patents)

**HYGRADE SYLVANIA CORPORATION v. SONTAG CHAIN STORES CO., Ltd.**

**Patent Appeal No. 4504.**

Court of Customs and Patent Appeals.

Feb. 2, 1942.

Lawrence Burns (Newton A. Burgess, of New York City, of counsel), for appellant.

Albert J. Fihe, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming that of the Examiner of Interferences dismissing appellant's notice of opposition to the application of appellee for the registration of the notation "Hy-Ray" for use as a trade-mark for radio tubes, and adjudging appellee entitled to register same.

Appellee's application for registration was filed in the Patent Office May 10, 1937, use of the mark being claimed therein "since May 3rd, 1937." After certain amendments to the application notice of it was published in the usual manner in the September 21, 1937, issue of the Official Gazette of the Patent Office, and, on October 5, 1937, appellant filed notice of opposition, which notice was amended October 20, 1937, to include an additional allegation.

In the notice of opposition, appellant, inter alia, alleged:

"The Hygrade Sylvania Corporation has recorded its corporate name with the Commissioner of Patents, and is the owner of Trade-Mark 110,463, registered in the United States Patent Office May 23, 1916 under the act of February 20, 1905 for use on Electric Incandescent Lamps, and renewed August 4, 1936; of Trade-Mark 216,203, registered August 3, 1926 under the act of March 19, 1920 for use on Electric Incandescent Lamps; and of Trade-Mark 288,095, registered October 20, 1931 under the act of February 20, 1905 for use on Electron Radio Tubes; all three registrations being in Class 21, Electric Machinery, Apparatus and Supplies.

\*     \*     \*     \*     \*

"In addition to its present registered marks, the Hygrade Sylvania Corporation uses also a mark consisting of the word 'Hygrade' in capital letters arranged in the arc of a circle, with a small triangle below the printed word. This mark has been continuously used by the Corporation on its lamp bulbs since about 1925.

"Each of the registered Trade-Marks 110,463 and 288,095 includes the printed word 'Hygrade' as a prominent part of the mark, and Trade-Mark 216,203 consists of the word 'Hygrade' in a particular form of lettering.

Copies of the respective registrations and a copy of the unregistered mark were placed in evidence. Registration 110,463, which recites that it is for electric incandescent lamps, comprises a triangular figure in association with the word "Hygrade" placed within the triangle above a representation of an incandescent lamp, or light bulb, both the word and the representation of the bulb being disclaimed apart from the mark as shown in the drawing.

Registration 288,095, which recites that it is for electric radio tubes, shows a quite similar triangular figure having within it the word "Hygrade," which word is disclaimed "apart from the mark shown in the drawing; no common law rights however being waived."

Registration 216,203 (under the act of March 19, 1920), which recites that it is for electric incandescent lamps, consists solely of the word "Hygrade." In each instance the word appears in fanciful type.

The unregistered mark referred to in the notice of opposition and alleged to have been used for lamp bulbs since about 1925 consists of the word "Hygrade" placed above a small triangular figure.

It may be said that appellant had predecessors in business from or through whom it derived whatever of title it holds to the marks above described.

In the notice of opposition, as amended, appellant asserted two grounds of opposition which are tersely stated in the decision of the Examiner of Interferences as follows:

"The allegations of fact contained in the notice of opposition relate to and seek to draw in both the name and confusion in trade clauses of Section 5 as the statutory grounds for negativing the right of registration (Section 7) claimed by the applicant."

It may be said that the answer of appellee to the notice of opposition conceded the recording "by the opposer of its alleged corporate name with the Commissioner of Patents." The Examiner of Interferences, citing certain authorities, says of what we may designate the "name phase" of the controversy:

"Considering first the name clause, the evidence shows that opposer uses the notation 'Hygrade Sylvania Corporation' to distinguish itself from other persons. Inspection of the application involved herein shows that the mark sought to be registered by the applicant is the notation 'Hy-Ray.' The examiner is not persuaded that use in trade of 'Hy-Ray' by the applicant to indicate the origin of its goods will be likely to result in any confusion of persons such as the parties hereto."

The reasons of appeal set forth in the appeal to the commissioner from the decision

of the Examiner of Interferences made no reference to that part of the latter's decision relative to the allegation respecting confusion by reason of the name clause of the trade-mark registration act. The allegation did not appear in the notice of opposition as originally filed, but was inserted by the amendment of October 20, 1937, wherein it was alleged that the application "includes the distinguishing features of the corporate name of the Hygrade Sylvania Corporation, and would be likely to cause confusion in the mind of the public, leading the latter to believe that the goods bearing the mark were products of the Hygrade Sylvania Corporation, and thereby causing damage to the latter corporation."

The reasons of appeal to the commissioner not having directed his attention to that question he, of course, was not required to take notice of it, but he did make reference to it as follows:

"The examiner [of Interferences] appears to have assumed that opposer was asserting as an additional ground of opposition that applicant's mark is an appropriation of opposer's corporate name. I find no such allegation in the notice of opposition, and even had it been pleaded I am clearly of the opinion that it is untenable."

In a petition for rehearing appellant pointed out the amendment along with other matters. The commissioner denied the petition without comment. The assumption is that he regarded the allegation respecting the "name phase" to be "untenable," as stated in his first decision.

The seventh reason of appeal set forth in the notice of appeal to this court alleges:

"The Commissioner erred in holding that there was no allegation in the notice of opposition that applicant's mark is an appropriation of opposer's corporate name."

In the light of the record that reason of appeal is not apt. There is no reason of appeal alleging that error was committed in the decision on this point, which necessarily implied that the applicant (appellee here) was not seeking to register appellant's corporate name, or any part thereof. We may say, however, that if such an allegation were before us it would be clearly untenable. "Hy-Ray" is not appellant's name, nor is it any part of appellant's name.

In passing upon the second ground embraced in the notice of opposition, that of the likelihood of confusion by reason of the alleged similarity of the marks of the respective parties, both tribunals of the Patent Office (holding that the goods were of the same descriptive properties) discussed at some length the question of ownership and there seems to have been disagreement between them on the question of law respecting ownership. As we understand the decision of the Examiner of Interferences, he held, in effect, that the word "Hygrade" in appellant's marks is clearly descriptive and indicates the claimed character of the tubes and bulbs, not their origin, and by reason of its descriptive character appellant was not the owner of same and, therefore, not entitled to oppose appellee's application, he holding that the term "Hy-Ray" was not descriptive of appellee's goods and hence was susceptible of ownership.

The commissioner said, in substance, with respect to registration No. 216,203 (consisting solely of the word "Hygrade"), granted under the act of March 19, 1920, that there was no satisfactory proof of opposer's ownership of it and that hence it might be disregarded. With respect to the other two registrations which were under the act of February 20, 1905, he held that only one, 288,095, need be considered. As above pointed out, the latter mark was registered for use on electron radio tubes, practically identical with the goods upon which appellee claims use of the notation "Hy-Ray," and consists of a triangular figure within which is embraced only the disclaimed word "Hygrade." We do not find in the commissioner's decision any express holding respecting the ownership by appellant of the two registrations entered under the act of February 20, 1905. We deduce from his decision, taken as a whole, that he regarded the question of ownership immaterial so far as the right of appellant to oppose in the instant case is concerned, and, therefore, did not pass upon it. He quoted from his decision in a prior case (Illuminating Engineering Society v. Seelig Specialties Co., 504 O.G. 856, 42 U.S. P.Q. 282) wherein he expressed the opinion that "an opposer is not required to own a trade-mark or to use it strictly as such in order to prevent registration to another of a confusingly similar mark," and added, "I think that is a correct statement of law * * *."

In the case of Trustees for Arch Preserver Shoe Patents v. James McCreery & Co., 49 F.2d 1068, 18 C.C.P.A., Patents, 1507, the appellee was seeking registration of the notation "Foot Preserver" for use on boots

and shoes. Appellant was opposing the registration, basing its opposition upon its claimed ownership, registration and use of certain marks containing the notation "Arch Preserver" for identical goods. The notice of opposition alleged four registrations, two of them being under the act of February 20, 1905, and two under the act of March 19, 1920. It was there conceded that the two last might not be relied upon, as registrations, as a basis for opposition, in consequence of which concession we gave them no consideration. In the first of the two registrations (dated October 24, 1916) under the act of February 20, 1905, the notation "Arch Preserver" had been disclaimed apart from the mark shown, but in the second it had not been disclaimed. We held, citing authorities, that by reason of its original disclaimer appellant did not by its second registration acquire any rights to oppose which it did not possess under its first registration, but agreed with the commissioner that appellant had the right to oppose "by reason of the use shown of 'Arch Preserver' and without reference to whether 'Arch Preserver' is or is not descriptive as used, * * * notwithstanding its disclaimer in the certificate of October 24, 1916." The principle of that decision is in point here.

█ In the reasons of appeal embraced in the notice of appeal to us, appellant challenges the correctness of the commissioner's holding that there is no satisfactory proof of appellant's ownership of the mark disclosed in the registration under the act of March 19, 1920, and also alleges that the commissioner "erred in entirety [entirely] neglecting to consider or mention" its unregistered mark above described, which was introduced in evidence as appellant's Exhibit C, and in its brief before us appellant argues that the "Commissioner's decision is clearly inconsistent and is very confusing." We fail to discern any particular force in the allegations of error respecting the matters so named or in the argument respecting such allegations, since appellant had the right to base an opposition upon prior use irrespective of the question of ownership. The ultimate question is whether the marks are confusingly similar.

█ Appellant placed four marks in evidence in each of which the only word is "Hygrade," an obviously descriptive term meaning "high grade." The commissioner took the particular mark of appellant which is applied to goods identical with the goods of appellee for purposes of comparison and, while stating that there "is some resemblance in appearance and in sound between the notations 'Hy-Ray' and 'Hygrade'," declared, " * * * when opposer's mark in its entirety is compared with applicant's mark, I think there is no reasonable likelihood of confusion between the two."

We are in agreement with that statement, and, in our opinion, it is applicable no matter which of appellant's marks may be taken for the purpose of comparison.

█ In the brief of appellant before us it is asserted, in substance, that the term "Hy-Ray," when applied to the goods of appellee is a descriptive term. This was not set forth as a ground of opposition in appellant's notice of opposition, nor was its claimed descriptive character therein referred to directly or indirectly. The Examiner of Interferences in the course of his decision said: "* * * it appears the notation 'Hy-Ray' used by the applicant does not perform the function of descriptiveness." Since the question was not raised, nor even hinted at, by anything in the notice of opposition, it is our assumption that the quoted statement of the Examiner of Interferences was based upon a consideration of appellee's mark in an ex parte manner, a proceeding proper under section 7, 15 U.S.C.A. § 87. The commissioner made no reference to the question in his decision. Doubtless he would have done so had he disagreed with the Examiner of Interferences regarding it.

Whatever may be the fact as to descriptiveness of appellee's mark, appellant here has not placed itself in a position to make that matter a basis of opposition, nor is the case deemed to be before us in a situation where we now should pass upon the question as an ex parte matter.

The decision of the Commissioner of Patents is affirmed.

Affirmed.