McKESSON & ROBBINS, Inc., v. AMERICAN FOUNDATION FOR DENTAL SCIENCE.

Patent Appeal No. 5044.

Court of Customs and Patent Appeals.

June 25, 1945.

Samuel Herrick, of Washington, D. C., for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents, 61 U.S.P.Q. 34, reversing that of the Examiner of Interferences, who sustained the notice of opposition filed by appellant.

Appellee filed an application to register its mark "Dent-A-Min" applied to "Concentrated Medicinal Materials for use as food supplements in supplying deficiencies of vitamins and minerals * * *." The mark was duly published in the Official Gazette, and within due time appellant filed its notice of opposition, based upon its registered mark "Cytamin," which registration was for use of the mark on "medicinal preparations for internal use, said preparations consisting of a metabolic stimulant and cell-activating agent particularly useful in the treatment of diseases due to deficiency in diet, * * *." Accompanying the notice of opposition, in accordance with Trade-mark Rule 56, appellant filed labels used by it on which appears the statement that the "Cytamin" contains vitamins A, B₁, C, D and G. Appellant alleged that the involved marks were so similar as to be likely to cause confusion in the mind of the public and deceive purchasers in that the goods of the parties possess the same descriptive properties. By answer, appellee traversed the allegations of the notice of opposition.

Neither of the parties took testimony nor was represented at the hearing before the examiner, but both filed briefs.

The examiner was of opinion that the goods of the parties, since they comprised "medicinal preparations for internal use in the treatment of dietary deficiencies" possessed the same descriptive properties. He also held that both marks were coined terms and to the ordinary purchasers would have no meaning other than as brand names of the goods. He then stated that in his opinion there was such similarity between the trade-marks that their use on the respective goods would be reasonably likely to cause confusion in trade.

The commissioner in his decision stated that he would be inclined to agree with the examiner that the trade-marks of the parties bear sufficient resemblances to be reasonably likely to cause confusion if the goods upon which they were used were substantially identical or closely related merchandise. In his view, however, there were probable differences between the goods, although he stated that in a broad sense they were clearly of the same descriptive properties in that both are medicinal preparations.

Because, however, no testimony was taken, the commissioner held that the degree in which the goods of the parties may differ in their specific characteristics is left to conjecture, and that upon the record presented they did not approach identity, for the reason that "* * * the registration was issued in 1917, 'before the existence and need of vitamins or vitamins and dietary minerals were known.' "

No brief or argument was presented here on behalf of appellee.

It is true, if the statement of the commissioner that vitamins were not known at the date of the issue of appellant's registration be accepted, that there is no proof in the record showing when appellant first placed on its labels the statement that its product contained vitamins. However, we do not consider the time when such change was made to be material to a decision here.

Unquestionably the products of both parties are medicinal preparations. They are both adapted for internal use in the treatment of dietary deficiencies, and as such, in our opinion, clearly possess the same descriptive properties contemplated by the Trade-Mark Act, 15 U.S.C.A. § 81 et seq.

As to the marks, they differ only in the first syllable. Both are coined expressions and in our opinion their concurrent use on the goods of the parties would be likely to cause confusion in the mind of the purchasing public both as to origin and as to the goods themselves.

There are many cases in which trade-marks possessing greater dissimilarities than those here involved were held to be confusingly similar as applied to goods of the same descriptive properties. There is no necessity for citing trade-mark cases, however, for the reason that it has so often been held that precedents are of but minor value in litigation of this character because each case must rest upon its own facts. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A.,Patents, 1009.

In our opinion the resemblance between the marks is much greater than the difference therein, and when used as they are here used on goods of the same descriptive properties the marks would be likely to cause confusion in the mind of the purchasing public.

The decision of the Commissioner of Patents is reversed.