33 C.C.P.A.(Patents)

PARFUM L'ORLE, Inc., v. McKESSON & ROBBINS, Inc.

Patent Appeal No. 5070.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

David J. Moscovitz, of New York City. (Robert I. Dennison, of Washington, D. C., of counsel), for appellant.

Samuel Herrick, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

On August 5, 1942, appellant filed in the United States Patent Office an application for registration of the mark "Lorodo" as applied to "a deodorant in solid form." The application was published in the Official Gazette, September 29, 1942. On October 19, 1942, appellee filed its notice of opposition, alleging use of the trade mark "Yodora" as applied to a deodorant since November 18, 1927, and that the said mark had been registered by it on August 28, 1928, many years prior to the first use alleged by appellant.

Appellant by answer traversed the allegations in the notice of opposition, and the case was submitted to the Examiner of Interferences. No testimony was taken, but both parties filed briefs. Appellant only was represented at the hearing.

The Examiner held the goods of the parties to possess the same descriptive properties, and the marks of the parties to bear such near resemblances as to be likely to cause confusion in trade. He therefore sustained the notice of opposition.

Appellant appealed to the Commissioner of Patents, who affirmed the decision of the Examiner. 61 U.S.P.Q. 453. From that decision this appeal was taken.

Appellant in substance admits that its deodorant "in stick form" and that of appellee "in powder form" are of the same descriptive properties. Therefore the only issue here is whether or not the marks of the parties are sufficiently dissimilar to warrant the registration of that of appellant.

The expressions "Lorodo" and "Yodora" are not particularly similar in appearance, but the cadence or lilt of one when uttered is quite similar to that of the other. Appellant concedes that what it characterizes as the "non-dominant" portion of its mark, the letters o-d-o, and the vowels on the opposite sides of the consonant "d" in the mark of appellee, signify the nature of the product or description thereof. From such concession the only conclusion to be drawn is that the marks of the parties have the same meaning. Both are odd coined expressions, and are of such a character that, as was pointed out by the Examiner of Interferences, they are "relatively difficult to retain accurately in mind over an appreciable period of time." We think that, as was held below, in view of that factor together with the resemblances between the marks, particularly in sound, there is no error in the decisions below.

Several citations of other trade mark cases appear in the briefs of the parties, but we have on many occasions decided that such cases are of little value in this kind of litigation and that each case must be determined upon its own facts. McKesson & Robbins, Inc., v. American Foundation for Dental Science, 150 F.2d 420, 32 C.C.P.A., Patents, 1235.

The decision of the Commissioner of Patents is affirmed.

Affirmed.