36 C.C.P.A. (Patents)

## LEVER BROS. CO. v. GEO. A. HORMEL & CO.

### Patent Appeals No. 5547.

United States Court of Customs and Patent Appeals.

March 1, 1949.

Rehearing Denied May 2, 1949.

Spencer A. Studwell, of New York City, for appellant.

Franklin M. Warden, of Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the First Assistant Commissioner of Patents reversing the decision of the Examiner of Interferences sustaining the opposition of appellant to the application of appellee filed March 5, 1945, for registration of the notation "Spic," continuously used by the appellee since February 22, 1945, as a trade-mark for animal fat shortening.

The opposition is based upon section 5 of the Trade-Mark Act of February 20, 1905, 33 Stat. 725, the pertinent part of which reads as follows:

"* * * That trade-marks which * * * so nearly resemble a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered: * * *."

In its notice of opposition, appellant relies upon its ownership of the trade-mark "Spry," registered on June 14, 1932, and continuously used by appellant since February 1932 as a trade-mark for vegetable oil shortening. In its brief, the appellant states, "* * * the sole issue presented here is whether in view of the facts established by the record 'SPIC' so resembles 'SPRY' as to be likely, when applied to goods which are for all practical purposes identical with those in connection with which 'SPRY' has been used and registered since 1932, to cause confusion or mistake or to deceive purchasers."

The examiner stated in his opinion that "With respect to the goods, applicant has called particular attention to the fact that its shortening is an animal product composed of pork and beef fat whereas opposer's product is an all vegetable shortening. Because applicant's product contains pork fat it is not adapted for sale to the kosher trade. On the other hand, opposer's

shortening is sold to such purchasers and specific advertisements have been directed to this group and the product has been specifically packaged for this trade. It does not seem to the examiner, however, that these differences distinguish the goods as to their descriptive properties. As far as the great majority of purchasers are concerned who observe no dietary laws the goods of the parties are competitive, are very similar in physical characteristics, similarly packaged, and have identical uses. The goods are therefore deemed to be clearly of the same descriptive properties."

In his decision, the first assistant commissioner stated, "The goods of the parties are not identical; but obviously they comprise closely related merchandise of the same descriptive properties, and save for the possible exception of the kosher trade are directly competitive."

█ Both the appellant and the appellee have cited many cases involving trademarks; however, the citation of prior decisions is of little value in an opposition proceeding for the reason that each case must rest upon its own distinctive facts. Magitex Co., Inc., v. John Hudson Moore Inc., 154 F.2d 177, 33 C.C.P.A., Patents, 956; McKesson & Robbins, Inc. v. American Foundation For Dental Science, 150 F.2d 891, 32 C.C.P.A., Patents, 704. Liketona, Inc. v. Lever Brothers Company, 144 F.2d 891, 32 C.C.P.A., Patents, 704, Likelihood of confusion from similar marks is largely a matter of opinion. Proctor & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents, 1433; In re Southern Metal Products Corporation, 99 F.2d 761, 26 C.C.P.A., Patents, 725.

The products here involved are not food, rather they are ingredients of food. They are used in the preparation and the cooking of food.

In its brief, appellant states that "shortening is a relatively inexpensive product which is purchased with little care by consumers of all grades of intelligence, * * *."

Appellee contends that people who purchase shortening, a product used in the preparation and the cooking of food, are particular as to the kind of shortening they purchase; that they know what kind of shortening they desire, and are not easily deceived, misled, or confused.

█ People are more careful in purchasing a product used in the preparation and the cooking of food than they are in the purchase of food. One product here involved is made from animal fat, and the other is made from vegetable oil. While both are used for ordinary cooking purposes, there is a difference between them, and purchasers usually know whether they want a shortening made from animal fat or one made from vegetable oil. Specific differences in goods which are of the same general descriptive character should be considered together with differences in marks in fairly determining the question of likelihood of confusion. Joseph Tetley & Co. Inc. v. Fant Milling Co., Etc., 111 F.2d 485, 27 C.C.P.A., Patents, 1180; Puerto Rico Distilling Co. v. Coca-Cola Co., 120 F.2d 370, 28 C.C.P.A., Patents, 1143.

█ The notations here involved are not spelled alike, do not sound alike, and do not look alike. The specimen of appellant's label filed with its notice of opposition shows the notation "Spry" prominently in three places on the label, spelled with a large "S" with "pry" in smaller letters of uniform size. The label also includes the following: "TRIPLE-CREAMED FOR EASIER MIXING," "MADE OF HYDROGENATED VEGETABLE OIL BY EXCLUSIVE PATENTED PROCESS," and, in larger type, "PURE VEGETABLE SHORTENING." The word "Spic" appears on appellee's label prominently but once, and is spelled with large letters of uniform size. Under the "Spic" notation on the label appears the description, "Pork and Beef Fats."

For the reasons hereinbefore set out, we do not believe that the notations here involved are confusingly similar, or that appellee's use of "Spic" as a trade-mark for its animal fat shortening would be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, because of appellant's use of the trade-mark "Spry" as applied to its vegetable oil shortening.

The decision of the First Assistant Commissioner of Patents is affirmed.

Affirmed.