37 C.C.P.A.(Patents)

### CROWN OVERALL MFG. CO. v. DESMOND'S.

### Patent Appeals No. 5668.

United States Court of Customs and Patent Appeals.

May 9, 1950.

Rehearing Denied June 28, 1950.

646

Frank Zugelter, Gerald B. Tjoflat, Cincinnati, Ohio, and Donald A. Gardiner, Washington, D. C., for appellant.

John B. Hosty, Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition to appellee's registration of the notation "Flexi-Crown" as a trademark for "Military Caps," and holding that appellee was entitled to register the mark under Section 5 of the Trade-Mark Act of 1905, 33 Stat. 725. The word "Crown" has been disclaimed.

Appellee alleges use of its mark on its goods since August 1, 1941.

Appellant alleges in its notice of opposition that it is the owner and prior user of two trade-marks registered under the Trade-Mark Act of 1905; viz., registration No. 199,341, registered June 9, 1925, for "overalls, union-suit working garments for boys, young men, and men," comprising the words, "Crown Adjust-Alls," and registration No. 128,351, registered January 6, 1920, for "overalls," comprising a picture of a crown and the word "Crown"; that it has used the word "Crown," pictorial representations of a crown, and its corporate name, The Crown Overall Manufacturing Company, as well as variations thereof in numerous ways, types, and characters; that the use by anyone else of the word "Crown" or a pictorial representation of a crown would cause confusion in trade as to the origin of goods so marked to its damage; that the goods for which the appellee seeks to register its mark are of the same descriptive properties as the goods upon which appellant uses its mark; that the marks are confusingly similar, and that confusion in the trade is inevitable; that appellant has at great expense extensively advertised its trade-mark "Crown" in connection with its business; and that valuable good will and property rights resulting therefrom are threatened by the appellee's use of the mark "Crown" upon any articles of apparel. Both of appellant's registrations have been renewed.

Neither party took testimony, but stipulated facts were filed by both parties. On appeal here the appellant filed a brief and was represented by counsel at the oral argument. Appellee neither filed a brief nor appeared through counsel.

The pertinent portion of Section 5 of the Trade-Mark Act of 1905, 33 Stat. 725, as amended, reads: "Sec. 5. [15 U.S.C. § 85] That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-

mark on account of the nature of such mark unless such mark—

\* \* \* \* \* \*

"(b) \* \* \*: *Provided*, That trademarks which are identical with a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered: \* \* \*"

The stipulated facts clearly show that opposer (appellant) has used the marks referred to long prior to any use claimed by applicant for its mark; that the goods shown in the registrations are of the same descriptive properties; and that the opposer has used its marks on other similar merchandise, including work caps.

■ Appellant contends that the word "Flexi" in appellee's mark "Flexi-Crown" is descriptive and that appellee's application should have been denied. Section 6 of the Trade-Mark Act of 1905, 33 Stat. 726, as amended [15 U.S.C. § 86], provides that: "Any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor in the Patent Office within thirty days after the publication of the mark sought to be registered, \* \* \*." It was not set forth as a ground of opposition in appellant's notice of opposition that the word "Flexi" is descriptive, nor was its claimed descriptive character referred to therein either directly or indirectly. That question, therefore, is not before us for consideration here. Hygrade Sylvania Corp. v. Sontag Chain Stores Co. Ltd., 125 F.2d 389, 29 C.C.P.A., Patents, 799.

The sole question presented here for decision is whether the marks are confusingly similar within the meaning of the Trade-Mark Act, supra.

·It is conceded by appellant that the word "crown" is a common term for a part of a hat, and that it has been for many years used in advertising by appellee and others to designate or describe the top part of hats or caps, as "medium and high crowns," and "low and medium crowns." Appellant contends that as shown in appellee's mark, it is used in a trade-mark sense, appropriating thereby opposer's mark. Appellant argues that its entire mark "Crown" is embodied within appellee's mark "Flexi-Crown," and therefore the marks are confusingly similar. In support of that contention, appellant cites several cases. Prior decisions, however, are of little value in an opposition proceeding because each case must rest upon its own distinctive facts. Likelihood of confusion from similar marks is largely a matter of opinion. Lever Brothers Co. v. George A. Hormel & Co., 173 F.2d 903, 36 C.C.P.A., Patents, 995.

Appellee's use of the word "Crown" in its mark refers to the top part of a hat or cap. The stipulated facts in the case show that appellant's mark "Crown" is used to indicate the origin of The Crown Overall Manufacturing Company's merchandise as "'Crown' brand products." We do not believe that appellee's mark "Flexi-Crown" as used by appellee on military caps would be likely to be confused with appellant's mark "Crown" as used by appellant on its various kinds of merchandise, including work caps, as indicating the same source of origin. As was held below, purchasers would consider the "Crown" used in the appellee's mark as merely descriptive, and would rely on "Flexi" as indicative of origin. The decisions in the Patent Office were correct in holding that there would be little if any likelihood of confusion from the contemporaneous use of the two marks.

■ We accordingly hold that the marks are not so similar that their use would be likely to cause confusion as to the origin of the goods they identify in the minds of purchasers, or the public generally.

Affirmed.

O'CONNELL, Judge (dissenting).

The hyphenated words "Flexi-Crown" are merely descriptive of two of the fea-

648

tures of appellee's caps which are uniformly characteristic of all other caps in the same class. Consequently, appellee has no right to the exclusive use of those words, and registration of the mark is prohibited by the explicit mandate of the statute. Under the authorities, and in the public interest, it was the duty of the tribunals of the Patent Office to determine, *ex parte*, and independent of the issue raised by the notice of opposition or the contentions of the parties, whether the mark was entitled to registration. Sparklets Corporation v. Walter Kidde Sales Co., 104 F.2d 396, 399, 26 C.C.P.A., Patents, 1342, 1345; Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 127 F.2d 318, 29 C.C.P.A., Patents, 1024; C. B. S., Inc., v. Technicolor Motion Picture Corp. et al., 166 F.2d 941, 35 C.C.P.A., Patents, 1019. See also Englander, etc., v. Continental Distilling Co., 95 F.2d 320, 323, 25 C.C.P.A., Patents, 1022, 1024.

The decision of the Commissioner of Patents, for the reason stated, should be reversed.