43 C.C.P.A.(Patents)

**PRINCESS PAT, Ltd., Appellant,**

v.

**Joseph TURSI, Appellee.**
**Patent Appeal No. 6174.**

United States Court of Customs and Patent Appeals.
Feb. 21, 1956.

James R. McKnight, Chicago, Ill., for appellant.

Parker Cook, Washington, D. C., for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Examiner-in-Chief of the United States Patent Office, acting for the Commissioner of Patents, 101 U.S.P.Q. 346, which decision affirmed that of the Examiner of Interferences dismissing an opposition by Princess Pat, Ltd., the appellant here, against application No. 612,379 filed by the appellee, Joseph Tursi, for registration of the word "Pat" as a trade-mark for a beard-softening agent.

The opposition was based on appellant's registration No. 146,236, granted September 6, 1921, and republished October 30, 1951 under the Act of 1946, 15 U.S.C.A. § 1051 et seq., for "Princess Pat" with a design including a crown and a medallion bearing a profile of a woman's head, as a trade-mark for perfumes, toilet water, face powder, talcum powder, face creams, rouges, sachet-powders, lip-sticks, eyebrow pencils, hair tonics, scalp ointments, shampoos, eyebrow-growers, liquid face powders, nail polishes, cuticle remover, nail bleaches, cuticle salves, hand lotions, deodorizers, depilatories, and bath salts.

Neither party took testimony and there is no issue of priority since the appellant's registration was granted long prior to the earliest date of use alleged by the appellee. The sole question to be decided is whether the mark sought to be registered, as applied to a beard softener, is confusingly similar to the appellant's mark as applied to any or all of the goods above listed.

Both Patent Office tribunals held that in view of the specific differences between the marks and the goods involved there was no likelihood that confusion would result from their concurrent use. They stated that the appellee's product, to which the mark "Pat" is applied, is used primarily, if not exclusively, by men, whereas the goods to which the appellant's "Princess Pat" mark is applied are primarily intended for purchase and use by the feminine sex.

The appellant argues here, as it did below, that both men and women use the shaving cream to which appellee's

mark is applied and that both men and women also use a number of the preparations to which appellant's mark relates, such as hair tonics, scalp ointments and shampoos. As pointed out by the Examiner-in-Chief, the record contains no evidence to support those contentions. However, assuming them to be accurate, it is still clear that appellant's goods are designed primarily for use by the feminine trade and appellee's by the masculine. Accordingly, despite the fact that all the goods may be sold in the same stores and occasionally bought by persons of both sexes, there is a material difference in their primary markets and customer appeals.

The foregoing distinction is accentuated by the fact that the name "Pat," standing alone, has a distinctly masculine significance, while "Princess Pat," with a medallion bearing a profile of a woman's head, is definitely feminine.

Moreover, the appellee's mark consists of but a single word, while the appellant's mark includes prominent design features. While such features alone may not be controlling, they cannot be properly overlooked in deciding the question of confusing similarity. In re Myers, 201 F.2d 379, 40 C.C.P.A., Patents, 747.

In the final analysis, the question of confusing similarity is usually one which must be determined by individual judgment based on all the circumstances of the particular case involved. After a careful consideration of the present case, we are in agreement with the tribunals of the Patent Office that the concurrent use of the marks here involved on the goods of the respective parties would not be likely to result in confusion.

The decision of the Examiner-in-Chief is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.