46 C.C.P.A. (Patents)

**L. NACHMAN & SON, INC., Appellant,**

v.

**E. LASNER, INC., Appellee.**

**Patent Appeal No. 6409.**

United States Court of Customs and Patent Appeals.

Feb. 5, 1959.

The record shows that on August 22, 1955, appellant filed a motion to add Swirl, Inc., a South Carolina corporation as a petitioner, the motion stating that appellant was the only stockholder in that corporation. The Examiner of Interferences, in his decision rendered February 23, 1956, denied that motion, stating that it did not appear that there had been a transfer of interest in the mark to Swirl, Inc. On April 17, 1956, appellant requested reconsideration of that ruling and on the same day appealed to the Commissioner from the decision of the Examiner of Interferences. The record does not show what action, if any, was taken by the Examiner of Interferences on the request for reconsideration, and neither the appeal to the Commissioner nor the decision of the Examiner-in-Chief contains any reference to the motion or request for reconsideration.

Appellant's eighth reason of appeal to this court states that the Commissioner erred "in sustaining the Examiner of Interferences in his dismissal of the Motion to Add the Party Swirl, Inc.," but on the record as above described it is not clear that the Examiner-in-Chief, who acted for the Commissioner, made such a refusal or, if he did, what his reasons were for so doing. But be that as it may, we think it immaterial, so far as the outcome of the opposition proceeding or of this appeal is concerned, whether Swirl, Inc. is added as a party.

Appellant's registration, No. 407,802, for "Swirl" as a trademark for women's and misses' textile aprons was issued June 27, 1944, while appellee's earliest alleged date of use of the "Swirlaway" mark is April 10, 1953. There is thus no question of priority as to the use by the parties of their respective marks.

While appellant has argued each of its reasons of appeal separately, all of them except the eighth relate to the single issue of confusing similarity. In our opinion the sole question to be decided here is whether the concurrent use, by different parties, of the mark "Swirlaway" on fur scarves for women and girls, and

Harry Langsam and Stanley Bilker, Philadelphia, Pa. (Raymond Colton, Washington, D. C., of counsel) for appellant.

Albert M. Parker, New York City, for appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON, retired, Associate Judges.

WORLEY, Acting Chief Judge.

This is an appeal from the decision of an Examiner-in-Chief of the United States Patent Office, acting for the Commissioner of Patents, affirming the decision of the Examiner of Interferences dismissing an opposition by appellant to an application by appellee for registration of the word "Swirlaway" as a trademark for fur scarves intended for the use of women and girls. The opposition was based on appellant's ownership and use of the registered mark "Swirl" as a trademark for "Women's And Misses' Textile Aprons" and for "Women's And Girls' Wrap-Around Aprons."

**344**

the mark "Swirl" on women's and misses' textile aprons would be likely to result in confusion in trade or to deceive or mislead purchasers. That question was decided in the negative by both Patent Office tribunals.

■ In cases such as the instant one, where there are specific differences in both the marks and the goods involved, all the differences must be taken into consideration. In re Myers, 201 F. 2d 379, 40 C.C.P.A. 747; Princess Pat, Ltd. v. Tursi, 230 F.2d 440, 43 C.C.P.A. 795. Likelihood of confusion from similar marks is largely a matter of opinion and prior decisions usually are of little value as precedents where that question is involved. Crown Overall Manufacturing Company v. Desmond's, 182 F.2d 645, 37 C.C.P.A. 1118.

It is evident that fur scarves and textile aprons are not directly competitive, and there is no evidence that they are commonly produced or marketed by the same firms. Accordingly, we are of the opinion that purchasers would not regard such goods as emanating from a common source if marketed under the respective marks here involved.

Similarly, we are unable to agree with appellant's contention that purchasers of appellee's scarves would assume that they were produced by appellant and that defects in such scarves might thus reflect unfavorably on appellant. It seems unlikely that purchasers familiar with appellant's textile aprons would be likely to assume, upon seeing appellee's goods, that appellant had expanded into the fur scarf field. Furs and textiles are ordinarily regarded as distinct classes of merchandise.

■ Appellant alleges that the Examiner-in-Chief erred "in holding that there is substantial doubt that the marks are confusingly similar and in resolving this doubt against opposer rather than applicant." We are unable to find any statement that there is substantial doubt, either in the decision of the Examiner-in-Chief or in that of the Examiner of Interferences. We agree with appellant that if there were such a doubt,

it should be resolved against the applicant (appellee) as the late-comer in the field, but we do not find such a doubt to exist here.

■ We are in accord with the holdings of the Patent Office tribunals that concurrent use of the marks on the respective goods of the parties would not be likely to lead to confusion.

The decision appealed from is affirmed.

Affirmed.