33 C.C.P.A. (Patents)

## Application of ISLER.
## Patent Appeal No. 5099.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

Bailey, Stephens & Huettig, of Washington, D. C. (Francis G. Cole, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims Nos. 1, 2, 21, and 22 in appellant's application for a patent for an alleged invention relating to "esters of dl tocopherols which are racemic at the carbon atom in position 2 of the chromane ring."

Owing to the issues presented, it is unnecessary that we here quote any of the claims on appeal. It is sufficient to say that claim 1 is a generic claim, and that claims 2, 21 and 22 are species claims.

Claims 21 and 22 were rejected by the Primary Examiner as being of non-elected species and not patentable unless the generic claim (claim 1) should be held to be patentable.

Claim 2 was rejected by the examiner, as stated in his decision, "on the ground of estoppel and res adjudicata. This claim is the equivalent of claim 1 of Isler (sole) application 292,507. In Appeal No. 41,691 (February 8, 1943) said Isler claim 1 was held unpatentable to Isler over prior art. Both applications [appellant's earlier application No. 292.507 and his involved application No. 300,868] are assigned to the same party. The prior determination is therefore res adjudicata as to Isler and the common assignee." The examiner also held that appealed claims 1 and 2 were not patentable over certain cited prior art.

Appeal was taken to the Board of Appeals. In view of the unusual circumstances presented by the decisions of the tribunals of the Patent Office, we deem it proper to quote *in extenso* from the decision of the board:

"The record shows that appellant has an earlier application Serial No. 292,507 for substantially the same subject matter as claimed here, *in fact claim 2 of the present case is identical with claim 1 of said earlier application.* Application Serial No. 292,507 was before this Board on appeal and on March 6, 1943 we rendered a decision affirming the examiner. This case is now before the District Court of the United States for the District of Columbia in proceedings brought under Section 4915 R.S., *but has not yet been heard.* (Italics not quoted.)

"Appellant has in effect admitted that there is no line of division between the two applications mentioned above and in effect appellant is asking us to review our former decision. In the decision In re Allen, 1941 C.D. 176; 115 F.2d 936, 28 C. C.P.A., Patents, 792, the Court of Customs and Patent Appeals held that when a notice of appeal to that Court was filed this Board automatically lost jurisdiction of the case. While no decisions have been found with reference to filing a bill in equity, still we are of the opinion that the same procedure should be followed in cases taken to the District Court. It is our view that when such bill is filed, jurisdiction of the application is taken away from us. The only question which we can consider here is whether or not the subject matter in issue is res adjudicata, in view of our decision in the earlier case, Serial No. 292,507. On this point there does not appear to be any doubt for appellant does not contend that the present subject matter is any different

from that involved in the earlier case. On this ground of rejection the examiner must be affirmed. As to whether or not the appealed claims are met by the prior art is not a matter for us to consider for it would be in effect a reconsideration of subject matter which has passed beyond our jurisdiction.

"The decision of the examiner holding that the subject matter in issue is *res adudicata* is affirmed. Since we have no jurisdiction of the other grounds of rejection, we must dismiss the appeal as to such grounds."

The board considered a petition for rehearing filed by appellant and the arguments in support thereof, but declined to make any change in its decision.

The original decision of the Board of Appeals in the instant case was dated May 26, 1944, and its decision on appellant's petition for rehearing was entered as of June 16, 1944.

It will be observed from its decision that the board stated that appealed claim 2 is identical with claim 1 of appellant's earlier application No. 292,507; that claim 1 of the earlier application had been before the board on appeal, and on March 6, 1943, the decision of the Primary Examiner rejecting that claim was affirmed; that a bill in equity involving that particular claim was, at the time of the board's decision in the instant case, pending in the District Court of the United States for the District of Columbia but had "not yet been heard"; that counsel for appellant had "in effect" admitted that there was no line of division between appellant's earlier application and the application here involved; and that counsel was "in effect" asking the board to review its former decision. It will also be observed that the board stated that the only question it could consider in the instant case was *"whether or not the subject matter in issue is res adjudicata, in view of our decision in the earlier case"* (with the exception of the term *"res adjudicata,"* italics ours), and that whether or not "the appealed claims are met by the prior art is not a matter for us to consider for it would be in effect a reconsideration of subject matter which has passed beyond our jurisdiction." The board then stated that the decision of the examiner holding that "the subject matter in issue is *res adjudicata* is affirmed," and further that since it had no jurisdiction of the other grounds of rejection applied by

the examiner "we must dismiss the appeal as to such grounds."

It appears from the brief of the Solicitor for the Patent Office and that of counsel for appellant that a bill in equity filed in the District Court of the United States for the District of Columbia by appellant's assignee, Hoffman-LaRoche (Hoffman-La-Roche v. Conway P. Coe, Commissioner of Patents, Civil Action No. 21,148, decided November 21, 1944, not published) presented the issue of the patentability of claim 1 in appellant's earlier application, which claim the board held was identical with appealed claim 2 and which counsel for appellant states in his brief in this court is "admittedly the equivalent"; that the District Court held the claim unpatentable over the prior art, and entered judgment dismissing the suit on November 21, 1944; that no appeal was taken from that judgment and it, therefore, became final.

It is apparent that at the time of the board's original decision in the instant case (May 26, 1944) and at the time of its decision on appellant's petition for rehearing (June 16, 1944) the issue as to the patentability of claim 1 in appellant's earlier application No. 292,507 had not been determined by the District Court, as judgment dismissing the bill in equity was not entered until November 21, 1944.

It is provided in section 4911 of the Revised Statutes, U.S.C., title 35, sec. 59a, 35 U.S.C.A. § 59a, that if an applicant for a patent "is dissatisfied with the decision of the board of appeals, he may appeal to the United States Court of Customs and Patent Appeals, in which case he waives his right to proceed under section 4915 of the Revised Statutes. (U.S.C., title 35, sec. 63 [35 U.S.C.A. § 63.])"

Section 4915 of the Revised Statutes, U.S.C., title 35, sec. 63, 35 U.S.C.A. § 63, provides that—"Whenever a patent on application is refused by the Board of Appeals * * * the applicant, unless appeal has been taken to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal or decision; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

In the case of Hemphill Co. v. Coe, Commissioner of Patents, 74 App.D.C. 123, 121 F.2d 897, the United States Court of Appeals for the District of Columbia, referred to our decision in the case of In re Lawson, 70 F.2d 373, 21 C.C.P.A., Patents 1091, wherein it was held that the application of appellants did not disclose an operative device, and held that that question was foreclosed as to any subsequent application by the same parties or their assignee. In so holding, the court stated that the remedies provided by sections 4911 and 4915, supra, are "alternative and mutually exclusive, though differing in that the equity suit affords an opportunity for introduction of new evidence which is lacking on the appeal. The remedy elected is conclusive of the issues raised and of those which might have been raised. A party therefore by filing a second application cannot obtain a review of questions which were, or might have been, determined on a review relating to the first." [121 F.2d 898.]

It appears from the record that appellant's earlier filed application disclosed and claimed but one species of appellant's alleged invention. It is evident, therefore, that appealed claim 1, which is a generic claim, could not have been properly included in that application.

It is conceded in the brief of counsel for appellant that the subject matter claimed in appellant's earlier application is the equivalent of the subject matter of species claim 2 here on appeal. Counsel contend, however, that the statement in the board's decision that appellant had in effect admitted that there was no line of division between his earlier filed application and the application here involved is wholly unjustified by the record, and attention is called to the fact that the Primary Examiner rejected the generic claim (claim 1) on the prior art only. It is further argued by counsel for appellant that the Board of Appeals "had jurisdiction of the instant case and could have rendered a decision on the merits thereof, it being wholly immaterial to the position that a bill had been filed under Section 4915, R.S., re-

questing the District Court to authorize the issuance of a patent" on the earlier application; that a bill in equity, filed under section 4915, supra, is not an appeal from the board's decision, but is a new and independent action to obtain a patent; and that it is only in the event an appeal is taken to this court that the Patent Office loses jurisdiction of the case.

■ At the time of the oral arguments in this court, it was suggested by the Solicitor for the Patent Office that as the District Court, subsequent to the board's decision in the instant case, held that claim 1 in appellant's earlier application was unpatentable and as its judgment became final, this court might now hold that the issue as to the patentability of appealed claim 2 is res adjudicata. We are unable to so hold. As stated in our decision in the case of In re Langsner, 139 F.2d 512, 515, 31 C.C.P.A., Patents, 785:

"Under the statute our jurisdiction is limited in cases of this character to a review of 'the evidence produced before the commissioner,' and our revision must be 'confined to the points set forth in the reasons of appeal.' Sec. 4914, R.S., U.S.C., title 35, Sec. 62, 35 U.S.C.A. § 62.

"Obviously we may not, in deciding this case, consider facts affecting its merits occurring after appellant's appeal was taken."

On December 13, 1945, subsequent to the oral arguments in this court, counsel for appellant filed a memorandum in which it is stated:

" * * * It has been assumed throughout these proceedings that Claim 2 was substantially identical with claims reviewed by the Board of Appeals in the earlier application, Serial No. 292,507. On inspection this is found to be incorrect, and the error is regretted. If Claim 2 on appeal here is compared with Claim 1 of the earlier case (Rec. 99), it will be observed that the single product claim of the earlier case omits the limitation "which is racemic at the carbon atom in position 2 of the chromane ring." * * *

"Since this point was not previously raised, either before the Board of Appeals or before this Court on the instant appeal, counsel are reluctant to urge it now, and since Claim 2 does not otherwise differ from Claim 1 of the earlier application, *permission is respectfully requested to withdraw this appeal as to Claim 2."* (Italics not quoted.)

Other matters mentioned in the memorandum of counsel for appellant need not be stated here.

On December 14, 1945, the Solicitor for the Patent Office filed a memorandum in which he disagreed with the statement contained in the memorandum of counsel for appellant that claim 1 of the earlier application omits the limitation "which is racemic at the carbon atom in position 2 of the chromane ring," and urges that appellant should not now be permitted to withdraw his appeal as to appealed claim 2.

■ The question of whether the subject matter of appealed claim 2 is the equivalent of the subject matter of claim 1 in appellant's earlier application is not raised by the reasons of appeal in this court and, therefore, is not before us for consideration.

■ It is unnecessary that we here decide all of the various questions raised by counsel for appellant. Sections 4911 and 4915, supra, clearly provide alternative and mutually exclusive remedies in ex parte proceedings for letters patent, as held in the Hemphill case, supra. Claim 1 in appellant's *earlier application* having been rejected by the tribunals of the Patent Office, appellant elected to pursue the remedy provided by section 4915, supra, and as that remedy had not been exhausted (the issue presented by appellant's bill in equity not having been adjudicated) at the time the Board of Appeals rendered its decision in the instant case, the issue as to the patentability of claim 1 in appellant's earlier filed application was not at that time *res adjudicata.* We are of opinion, therefore, that the Board of Appeals erred in holding that the issue as to the patentability of the subject matter defined by appealed claim 2 was *res adjudicata.*

The issue of the patentability of the subject matter defined by claim 1 in appellant's earlier application was pending before the District Court at the time the board rendered its decision in the instant case. Accordingly, if, as held by the board, the subject matter defined by appealed claim 2 is the equivalent of the subject matter defined by claim 1 in appellant's earlier application, the board might well have held that it had no jurisdiction to determine the issue of the patentability of appealed claim 2. Hemphill Co. v. Coe, Commissioner of

Patents, supra. If, on the contrary, the subject matter defined by appealed claim 2 is not the equivalent of the subject matter defined by claim 1 in appellant's earlier application the board had jurisdiction to consider the question of the patentability of appealed claim 2.

Owing to the fact that appellant's earlier filed application disclosed but a single species of his alleged invention, it is obvious that a generic claim, such as appealed claim 1, was not in issue before the District Court. It is our view, therefore, that the board had jurisdiction to determine the question of the patentability of generic claim 1 in the *involved application* in view of the prior art cited by the Primary Examiner, *as well as other matters which it might have deemed pertinent in accordance with the provisions of rule 139 of the Rules of Practice in the United States Patent Office,* 35 U.S.C.A.Appendix.

It seems not inappropriate to say that had the instant case been suspended before the Board of Appeals until after a final decision by the District Court as to the patentability of claim 1 in appellant's *earlier filed application,* many of the issues here presented might have been avoided.

It is evident from the views hereinbefore expressed that appellant will not be prejudiced if appealed claim 2 remains in the case. Accordingly, appellant's motion to dismiss the appeal as to claim 2 is denied.

For the reasons stated, the decision of the Board of Appeals is reversed and the cause remanded for proceedings in accordance with law.

Reversed and remanded.