35 C.C.P.A.(Patents)

## WILLSON et al. v. GRAPHOL PRODUCTS CO., Inc.

### Patent Appeal No. 5363.

Court of Customs and Patent Appeals.

Jan. 6, 1948.

William B. Jaspert, of Pittsburgh, Pa., for appellants.

Cushman, Darby & Cushman, of Washington, D. C. (John J. Darby and William M. Cushman, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This appeal is from a decision of the Commissioner of Patents, 69 U.S.P.Q. 18, affirming decisions of the Examiner of Interferences in two cancellation proceedings. The cases were submitted on a single rec-

ord and were consolidated for appeal to the commissioner. They are before us as a single case and will be so decided.

On September 4, 1934, registration No. 316,676 of the trade-mark "Grafo" as applied to "lubricating oil compound" was granted appellant, Edward A. Willson, doing business under the trade name of Grafo Lubricatiing Company. Continuous use of the mark was stated to have begun August 9, 1933, Doing business under the same name, he was granted registration No. 310,077 for the mark "Grafolube" as applied to "lubricating oil compounds" on February 13, 1934, stating the mark had been continuously used since August 9, 1933. Subsequently, the two marks were assigned by him to the Grafo Lubricants Corporation, the name of which was later changed to Grafo Colloids Corporation. After the taking of testimony, and prior to the decisions of the Examiner of Interferences, it was agreed by stipulation that Grafo Colloids Corporation should be considered as a party-respondent.

Appellee is the owner of registration No. 194,841 for the mark "Graphol." The mark was registered January 27, 1925, as applied to "rust solvent and penetrating lubricant." Continuous use was stated to be since January 1922.

On May 4, 1944, about ten years subsequent to the dates of appellants' registrations, appellee filed petitions to cancel them pursuant to section 13 of the Trade-Mark Act of 1905, U.S.C., title 15, sec. 93, 15 U.S.C.A. § 93.

The allegations in the petitions relate to the confusion in trade clause of section 5 of the Act as the statutory ground for negativing appellants' right to registration, and there is the further allegation that the marks had been abandoned.

In answers to the petitions, it is admitted that the goods of the parties are of the same descriptive properties, but in all other respects the allegations of appellee are denied. In one of the affirmative defenses, appearing in the answers, it is alleged that appellee is barred by laches, and, therefore, has lost the right to institute cancellation proceedings, and that appellants would be injured if deprived of the use of their marks. The affirmative defenses were not traversed by appellee who, relying upon its registration date to establish priority of use of its mark, took no testimony. Appellant took testimony.

Appellant Willson, the only witness, testified that the marks of appellants have been in continuous use since August 9, 1933, and have not been abandoned; that he knew of no actual confusion between appellants' marks and other marks applied to lubricating oils and greases; that he knew of no instance where a purchaser of lubricating oils and greases had mistaken appellants' trade-marked product for that of another manufacturer; that appellants' products, bearing their trade-marks, have never been confused with the product to which appellee's mark is applied.

It was shown that the marks of appellants have been nationally advertised in the Thomas Register of American Manufacturers, a trade journal entitled "Jobber Topics" and a magazine entitled "Purchasing," since 1935; that the products bearing its said marks are sold in 56 cities and 19 states of this country and in Spain, Australia and Canada; that the dollar volume of sales for the year 1944 was $58,000; that the average sales prior to the recent war amounted to approximately $30,000 per year; and the witness stated that it would cost appellants many thousands of dollars and cause irreparable loss to their business if they were forced to change their marks.

The tribunals of the Patent Office held that the marks of appellants so closely resemble the mark of appellee that, when used on goods of admittedly the same descriptive properties, they would be likely to cause some confusion in trade and deception of purchasers, and, therefore, concluded that appellee was entitled to have its petitions for cancellation granted.

In its appeal to the commissioner, appellants not only predicated error in the examiner's holding on the merits, but also on the ground that the examiner did not hold appellee to have been barred by laches.

While neither the Examiner of Interferences nor the commissioner gave any consideration to appellants' affirmative defense of laches, and while no allegation of error

in that respect appears in the reasons of appeal to this court, appellants iin their main brief citing Sec. 47(b), Title XI of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 note, effective July 5, 1947, assert that we should apply the provisions of that Act and remand the case to the commissioner for the taking of additional evidence, or for a new trial, or for reconsideration of the decision appealed from on the present record by application of section 19 of the Act.

Appellee in its main brief asserts that since there is no evidence of its knowledge of the use of appellants' marks, that laches cannot apply; and that even if such evidence were established it would be no bar to appellee's right to cancelation, citing the case of White House Milk Products Co. v. Dwinell-Wright Co., 111 F.2d 490, 493, 27 C.C.P.A. Patents, 1194. It contends that the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., can have no application here because the proceedings were instituted pursuant to the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq., and were decided by both the examiner and commissioner accordingly. It pointed out that appellants' registrations were granted under the former Act and admittedly had not been transferred to the principal register provided for in the Act of 1946, nor had they applied for transfer to that register.

At the time of argument, we granted the parties permission to file supplemental briefs on the question of whether or not section 19 of the Trade-Mark Act of 1946 is applicable. Such briefs were filed and they amplify the arguments of the parties appearing in their main briefs with respect to laches.

Section 19 reads as follows:

"Sec. 19. In all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable may be considered and applied. The provisions of this section shall also govern proceedings *heretofore begun in the Patent Office and not finally determined.*" (Italics ours.)

The application of that section, we think, is controlled by sections 46(a) and 47(b). The part of section 46(a) that we deem material here reads as follows:

"Sec. 46. (a) This Act shall be in force and take effect one year from its enactment, *but except as otherwise herein specifically provided shall not affect any suit, proceeding, or appeal then pending.*" (Italics ours.)

Section 47(b) reads as follows:

"Sec. 47. (b) In any case in which an appeal is pending before the United States Court of Customs and Patent Appeals or any United States Circuit Court of Appeals or the United States Court of Appeals for the District of Columbia or the United States Supreme Court at the effective date of this Act [July 5, 1947], the court, *if it be of the opinion that the provisions of this Act are applicable to the subject matter of the appeal,* may apply such provision or may remand the case to the Commissioner or to the district court for the taking of additional evidence or a new trial or for reconsideration of the decision on the record as made, as the appellate court may deem proper." (Italics ours.)

It appears to us that the expression in section 46(a), supra, " * * * except as otherwise herein specifically provided * * *" limits the language appearing in section 47(b), supra, " * * * if it be of the opinion that the provisions of this Act are applicable to the subject matter of the appeal, * * *." Therefore, the appellate courts must first be convinced that the applicability of any section of the new Act to a pending appeal is specifically provided for in the statute before they may properly make such application. That specific authorization is contained in section 19, supra, providing for the consideration and applicability of equitable principles in proceedings " * * * heretofore begun in the Patent Office and not finally determined."

In the present inter partes proceedings, it is clear that they were begun in the Patent Office prior to the effective date of the new Trade-Mark Act, July 5, 1947, and have not been finally determined because of the appeal to this court. Therefore, if, in our opinion, the provisions of the new Act are applicable to the subject matter of the appeal herein, we may apply section 19 in the light of section 47(b), supra.

The petitions herein were not filed until about ten years subsequent to the dates of appellants' registrations. If registrations in the Patent Office are to be considered as public records, it would appear that appellee might be deemed to have had constructive notice of them as of the dates thereon. If knowledge is to be presumed by reason of such notice, and appellee knowingly stood idly by for about ten years during which time appellants innocently conducted, developed, and advertised their business, it would seem that the doctrine of laches could apply. Appellants alleged such delay and damage to them as constituting a bar to the prosecution of the cancellation proceedings. That allegation was not denied by appellee. Ordinarily, affirmative allegations in a pleading not traversed by the adverse party are considered as admitted.

Under the Rules of Practice in Trade-Mark Cases adopted and promulgated under the authority of the Trade-Mark Act of 1946, rule 23 specifically states that the petition to cancel and the answer thereto correspond to the complaint and answer such as under the Federal Rules of Civil Procedure apply to the District Courts of the United States. The petition constitutes a complaint, and the answer to the petition may not only traverse the averments therein, but also set up affirmative defenses. We see no reason why, even before the promulgation of the said Rules of Practice in Trade Mark Cases, the same analogy does not obtain. Here appellants intended to avail themselves of the equitable defense of laches and pleaded such defense in the answers. Such affirmative pleading would seem to be necessary to secure relief thereunder. See Rule 8(c), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

Prior to the effective date of the Trade-Mark Act of 1946, the defense of laches per se was not available either in the Patent Office or in this court. See White House Milk Products Co., v. Dwinell-Wright Co., supra.

The present proceedings were initiated and completed, as far as the Patent Office was concerned, before the effective date of the new Act. Therefore, it is clear why the equitable defense pleaded by appellants was not determined by either the examiner or the commissioner, and perhaps was the reason why appellee did not traverse such defense. Probably if that defense had been proper under the old Act, the allegation of laches would have been traversed by appellee and the issue raised thereon would have been tried and decided by the tribunals of the Patent Office on a more extended record.

Appellants' allegation of damage coupled with the alleged unreasonable delay which might constitute laches is, in our opinion, a proper subject matter in this appeal and should, for reasons heretofore given, invoke the application of the new Act. We think that, given the opportunity, the parties may by evidence support their contentions for and against the alleged laches.

Accordingly, because of the state of the record, we deem it proper to remand the cause to the commissioner for the purpose of taking such additional evidence as counsel for the parties may desire.

The causes remanded with directions as hereinbefore indicated.

Remanded.

BLAND, Associate Judge, sat during the argument of this case, but resigned before the opinion was prepared.