38 C.C.P.A.(Patents)

## In re CRUCIBLE STEEL CO. OF AMERICA.

### No. 5730.

United States Court of Customs and Patent Appeals.

Dec. 5, 1950.

Ward, Crosby & Neal, New York City (Raymond J. McElhannon, New York City, and J. Austin Stone, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Walter J. Derenberg, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges.

O'CONNELL, Judge.

The record discloses that in May of 1947 an application was presented by appellant to the Patent Office in accordance with the provisions of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq., to register the trade-mark "Nu-Die" for use on steel rods, bars, plates, billets, slabs, blocks, and forgings. It was alleged the mark had been continuously used by appellant on the goods specified since June 11, 1940.

The examiner refused registration of the mark for the stated reason that the mark was regarded as merely descriptive of the merchandise to which the mark was attached. Registration was further refused at that time by the examiner in view of its alleged confusing similarity to the previously registered trade-mark "Uni-Die" granted in April of 1933 for use on tool steel upon an application filed by the Columbia Tool Steel Company, which not only alleged continuous use of the mark on the goods in question since November 19, 1931, but also disclaimed the word "Die" apart from its mark as shown in the application.

Appellant petitioned for reconsideration urging not only that appellant had not understood the examiner's rejection on the ground that the mark was regarded as merely descriptive of the merchandise but also stating "It is not seen wherein there is any relation or resemblance between 'Uni-Die' and 'Nu-Die'." Appellant did not question, however, that the merchandise to which the marks were attached was of the same descriptive properties.

The examiner denied appellant's petition for reconsideration as described in the following excerpts from the record:

"Applicant's mark is regarded as descriptive because it describes a character or quality of the goods. The notation 'Nu-Die' means 'new die' and when read in connection with the goods, it is read as 'a new die steel'; meaning a steel that is compounded in such a way as to distinguish it from the commonly accepted variety, being in effect a new or improved steel. At any rate, it seems to the Examiner that the purchasing public would attach this meaning to the mark. The refusal to register on the ground of descriptiveness is repeated.

"The reference registration is also deemed to constitute an anticipation of the mark. They both have many characteristics in common; principally sound and overall similarity in appearance. It is not at all unlikely that concurrent use would cause confusion and mistake in the minds of the purchasing public. Accordingly, registration is again refused on the registration of record."

Appellant thereafter amended its application for registration of its mark "Nu-Die" by disclaiming the word "Die" apart from the mark as shown in its application, and then argued that by reason of such amendment the cited reference should be withdrawn because the basis for comparison between the contested marks was eliminated so that any further comparison between them must be based solely on the appearance or sound of the prefixes "Nu" and "Uni." The examiner rejected that contention and finally refused registration of appellant's mark on the ground that

694

the contested marks when concurrently used were so similar in sound and appearance as to cause confusion in trade. From that decision an appeal was taken to the Commissioner of Patents.

The commissioner in his decision, 79 U.S.P.Q. 237, correctly pointed out that while the examiner's refusal to register on the ground of descriptiveness did not appear to have been formally withdrawn, the examiner's final refusal was based solely on the prior registration, including the holding that the two marks in issue when considered in their entireties, as they must be, have such an over-all similarity in appearance and sound that their concurrent use would cause confusion and mistake in the trade.

The Commissioner of Patents in affirming the examiner's decision properly held that while the prefixes "Nu" and "Uni" would differ to some extent if they were considered apart, nevertheless the disclaimed portions of the respective marks could not be ignored; and even considering the prefixes by themselves, the marks appeared sufficiently similar to sustain the examiner's decision in refusing registration on the ground of confusing similarity.

With respect to appellant's arguments before the commissioner to the effect that the difference in meaning between the prefixes as such would outweigh their similarities in sound or appearance, the commissioner properly suggested that the meaning new, which appellant there ascribed to its prefix "Nu," if accepted as such in considering appellant's mark as a whole *"would require a reinstatement of the original refusal to register on the ground of descriptiveness."* (Italics supplied.)

In that connection it is noted that appellant disclaimed the word "Die" and that the term "Nu" is obviously a slight and not unusual variation from the orthographic normal adjective new, phonetically spelled or misspelled. See Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 328, 59 S.Ct. 191, 83 L.Ed. 195. See also Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 127

F.2d 318, 29 C.C.P.A., Patents, 1024, wherein the court held that in a proper case it was not only the right but also the duty of the tribunals of the Patent Office to determine ex parte whether the mark sought to be registered was merely descriptive and, if so, to refuse registration thereof.

An applicant's mark which nowise resembles a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties shall not be registered under the terms of the Trade-Mark Act of 1905 when the applicant's mark consists merely in words or devices which are descriptive of the character or quality of the goods with which the mark is used. P. D. Beckwith's Estate, Inc., v. Commissioner of Patents, 252 U.S. 538, 545, 546, 40 S.Ct. 414, 64 L.Ed. 705.

The Court of Customs and Patent Appeals has held that there is no prejudicial error on the part of the Commissioner of Patents in rejecting an application for the registration of a trade-mark on a cited registration when the applicant is clearly not entitled to the registration applied for regardless of the registration cited. In re Paris Medicine Co., 87 F.2d 484, 24 C.C.P.A., Patents, 854.

Moreover, the Commissioner of Patents can not be compelled to register a trade-mark properly rejected by him on the ground that the mark consisted merely of words descriptive of the goods with which it was used. United States ex rel. Bronson Co. v. Duell, 17 App.D.C. 471. The decision of the commissioner in such a case is not controlling, however, in the face of a judgment by a court of competent jurisdiction that the involved term is not descriptive within the meaning of the statute. Plough, Inc., v. Intercity Oil Co., D.C., 26 F.Supp. 978.

Appellant in the instant case did not exercise the right to submit proofs in support of numerous statements, contained in its brief pertaining to the steel die industry, namely, the expensive character of the merchandise, the methods and quantities in which it is bought and sold, by whom, etc. The court has grave doubt:

that it may take judicial notice of facts within the special knowledge of those engaged in a particular art, not presumably a matter of common knowledge to all. Bray v. Tears, 102 F.2d 877, 881, 26 C.C. P.A., Patents, 1103, 1108.

Upon the record presented there appears to be no manifest error in the conclusions of the Commissioner of Patents herebefore described and, for the reasons stated, his decision should be and is affirmed.

Affirmed.