B8 C.C.P.A. (Patents)

## BAXTER LABORATORIES, Inc. v. DON BAXTER, Inc.

Special Patent Docket No. 45.

United States Court of Customs
and Patent Appeals.

Jan. 29, 1951.

O'Connell, J., dissented.

Lyon & Lyon, Los Angeles, Cal., for Don Baxter, Inc., applicant-appellant.

Scrivener & Parker, Washington, D. C., for Baxter Laboratories, Inc., opposer-appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

JOHNSON, Judge.

The decision of the Commissioner of Patents in this case (1) sustained the opposition filed by Baxter Laboratories, Inc. to the registration on the principal register

sought by Don Baxter, Inc., and, in addition, (2) denied *ex parte* the registration of the applicant's mark.

The issue presented for the Commissioner's decision *inter partes* in the opposition proceeding was whether the applicant and opposer companies are related companies within the meaning of Section 5 of the Lanham Act, Trade-Mark Act of 1946, 15 U.S.C.A. § 1055. Don Baxter, Inc., sought registration of the mark "Baxter" on pharmaceutical preparations, claiming use of the mark by itself and by the Baxter Laboratories, Inc. as use by related companies, as provided by Section 5 of the Act. The mark was passed for registration under that provision of the Act, whereupon Baxter Laboratories, Inc. filed an opposition to the registration of the mark denying that Baxter Laboratories, Inc. and Don Baxter, Inc. are related companies. An issue was thus reached *inter partes,* and the Commissioner decided that issue in favor of the opposer. Registration of the mark on the basis of use by related companies was thus denied applicant, Don Baxter, Inc.

Before the Commissioner, the applicant, Don Baxter, Inc., also contended that it was entitled to registration of the mark "Baxter" for certain western states on the basis of concurrent user, relying on the concurrent registration provision of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d). The Commissioner, on opposer's objection, declined to consider that question *inter partes,* but he did consider applicant's contention *ex parte.* As an *ex parte* matter, the Commissioner held that the applicant, Don Baxter, Inc., is not entitled to the registration for which it applied, considering its application as one for registration as concurrent user.

The applicant seasonably filed with the Commissioner its notice of appeal to the Court of Customs and Patent Appeals. The notice sets out twenty-one reasons of appeal, eleven of which are directed to the decision on the *inter partes* issue of use by related companies, and ten of which are directed to the Commissioner's *ex parte* denial of registration considering the application as one for registration as concurrent user.

The opposer, Baxter Laboratories, Inc., thereupon promptly filed with the Commissioner its notice of "election to have all further proceedings conducted as provided in R.S. § 4915."

The application and proceedings below are based upon the provisions of the Lanham Act, 15 U.S.C.A. § 1051 et seq. As to appeals from the decision of the Commissioner of Patents, Section 21 of the Act provides *inter alia* that any applicant for registration of a mark and any party to an opposition proceeding *who is dissatisfied* with the Commissioner's decision may appeal to this court or proceed under R.S. § 4915, 35 U.S.C.A. § 63. The applicant herein, Don Baxter, Inc., thus had the option to come here or go into a District Court of the United States in a proceeding de novo. He elected to come here.

Section 21 of the Lanham Act also provides, however, that any party *who is satisfied* with the Commissioner's decision may, upon the taking of an appeal here by any dissatisfied party, elect to have all further proceedings conducted under R.S. § 4915, as provided in R.S. § 4911, 35 U.S.C.A. §§ 63, 59a. R.S. § 4911 requires that an appeal brought here by a dissatisfied party shall be dismissed if his adversary within twenty days files his notice of election to proceed under R.S. § 4915. After such election and dismissal, the appellant (dissatisfied party) must within thirty days file his complaint in a District Court of the United States initiating a proceeding de novo in equity, or have the decision appealed from stand by his default.

Baxter Laboratories, Inc., therefore, as the satisfied party to an opposition decided by the Commissioner, had the right, after Don Baxter, Inc. filed its notice of appeal to this court, to elect to have all further proceedings in the opposition conducted in the District Court. The notice of such election filed by Baxter Laboratories, Inc. requires this court to dismiss the appeal from the Commissioner's decision in the *inter partes* proceeding. This, however, does not dispose of the appeal, since the

applicant appealed not only from the Commissioner's *inter partes* decision sustaining the opposition, but also from the Commissioner's *ex parte* decision denying registration as concurrent user.

The Commissioner has not only the right but the duty in an opposition proceeding to determine *ex parte* and without reference to the issue raised by the notice of opposition whether the applicant's mark is entitled to registration. Dubonnet Wine Corp. v. Ben-Burk, Inc., 121 F.2d 508, 28 C.C.P.A., Patents, 1298; Columbia Broadcasting System, Inc. v. Technicolor Motion Picture Corp., 166 F.2d 941, 35 C.C.P.A., Patents, 1019. When an appeal is before the court in such a case, the opposer has no right to be heard on the *ex parte* ground, Chrysler Corp. v. Trott, 83 F.2d 302, 23 C.C.P.A., Patents, 1098, 1106; Revere Paint Co. v. Twentieth Century Chemical Co., 150 F.2d 135, 32 C.C.P.A., Patents, 1096, 1101, as only the Commissioner of Patents is qualified to represent the interests of the public in ex parte registration proceedings. Island Road Bottling Co. v. Drink-Mor Beverage Co., 132 F.2d 129, 30 C.C.P.A., Patents, 708; McKesson & Robbins, Inc. v. Isenberg, 167 F.2d 510, 35 C.C.P.A., Patents, 1095; Derenberg, The Patent Office as Guardian of the Public Interest, 14 Law and Contemp. Problems 288, 317–18. An opposer may, under Section 21 of the Lanham Act, by exercising his right of election, force a dissatisfied applicant-appellant to challenge the Commissioner's *inter partes* decision in the opposition proceeding in an action de novo in equity in a District Court of the United States or not at all, but an opposer is without standing to affect a dissatisfied applicant's appeal to this court from an *ex parte* decision of the Commissioner denying registration of a mark. Island Road Bottling Co. v. Drink-Mor Beverage Co., supra; see Schering & Glatz, Inc. v. Sharpe & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827.

The effect of the opposer's notice of election in this case, therefore, is to require the court to dismiss the appeal from the Commissioner's decision on the *inter partes* issue of registrability based on use by related companies, but to retain jurisdiction of the appeal from the Commissioner's decision in the *ex parte* denial of registration to Don Baxter, Inc. of the mark "Baxter" sought on the basis of concurrent user. The applicant-appellant should perfect his appeal here in the normal manner appropriate for an *ex parte* appeal.[1]

1. It has been suggested in this case, involving both an *inter partes* decision and an *ex parte* decision, that "all further proceedings under R.S. § 4915" will bring before the District Court "every issue as to the registrability of appellant's mark, including the commissioner's *ex parte* rejection. * * * *" This type of suggestion has prompted one learned commentator to state: "It is submitted that it indeed does make a difference whether the decision appealed from was an *ex parte* rejection or involved an adjudication of the respective rights of two or more private parties. Failure to recognize this distinction under the Act of 1905 has led to an almost incredible state of confusion among the various courts and has resulted in the necessity in recent years of bringing parallel actions against both the successful opposer and the Commissioner of Patents in the District of Columbia and in the district in which the successful opposer is located." (Derenberg, The Patent Office as Guardian of the Public Interest, 14 Law and Contemp. Problems 288, 318.)

That the removal of the *inter partes* appeal from this court to R.S. § 4915 route will not bring the *ex parte* issue before whatever District Court gets jurisdiction of the *inter partes* issue is apparent upon an examination of the cases which have been decided in the circuits since the Lanham Act.

In Gardel Industries v. Kingsland, D.C.Cir., 178 F.2d 974, it was held that under Sec. 21 of the Lanham Act, in a R.S. § 4915 opposition proceeding, the opposer is a necessary party while the Commissioner of Patents is *not* a necessary party. The dissatisfied applicant must, therefore, if the R.S. § 4915 route is followed. bring his action against the opposer in the latter's jurisdiction (apparently Baxter Laboratories, Inc. is located in Illinois and Don Baxter, Inc., in California) rather than in the District of Columbia. But jurisdiction over the Commissioner of Patents may only be se-

514

In order that there may be no misunderstanding by the parties, the court takes notice of a point of possible confusion in connection with the retaining of the appeal in the *ex parte* case concerning the Commissioner's denial of registration under the concurrent use provision of the Lanham Act, Section 2(d) which is that this court, even if it should disagree with the Commissioner's decision on the point, would have to remand the case to the Patent Office for further proceedings there. Section 2(d) requires as a condition precedent to passing a mark for reg-

cured in the District of Columbia (unless, improbably, he consents to appear outside of the District of Columbia) and by Section 21, the Commissioner cannot be brought into an *inter partes* proceeding even in the District of Columbia unless he consents to intervene.

This illustrates the improbability of the applicant being able to secure relief from the Commissioner's *ex parte* decision denying registration of applicant's mark in any proceeding on the *inter partes* issue in District Court against the opposer. Moreover, it is doubtful that even in the fortuitous circumstance where jurisdiction over both the Commissioner and opposer lies in the District of Columbia that the applicant could join them as parties defendant in a single action: Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A., is not applicable, as the opposer and the Commissioner do not have a "joint interest"; Rule 20, Federal Rules of Civil Procedure, would not apply, as the applicant is not actually asserting against the opposer and Commissioner jointly, severally, or in the alternative any right to relief arising out of the same transaction or occurrence, nor does any question of law or fact *common* to all of them arise in the action. The *ex parte* rejection is not the same occurrence as the *inter partes* decision sustaining the opposition, and the question of law and fact in the related companies issue of the *inter partes* decision is not a common one with the concurrent user issue in the *ex parte* decision.

The difficulties which would beset the disappointed applicant herein in securing a review of the *ex parte* rejection of his mark sought on the ground of concurrent user, should this court dismiss the appeal as to the *ex parte* issue, are illustrated by the cases of Drackett Co. v. Chamberlain Co., 3 Cir., 1936, 81 F.2d 866, and Lanolin Plus Cosmetics, Inc. v. Botany Mills, Inc., 3 Cir., 1949, 177 F.2d 756, where R.S. § 4915 actions seeking a review of the Commissioner's decisions in opposition proceedings wherein he decided not only the *inter partes* issues but denied registration *ex parte* in each case as well, thereby distinguishing these cases from the Gardel Industries case, supra, were brought in the District Court for the District of New Jersey by the applicant therein. The District Court dismissed the action in each case, and the Court of Appeals for the Third Circuit affirmed on the ground that the Commissioner of Patents is an indispensable party to the R.S. § 4915 appeal where he "has refused registration of the mark upon statutory grounds" referring to the *ex parte* rejection in each case. In the Lanolin Plus case the court took note of Section 21 of the Lanham Act and its provision that the Commissioner is *not* an indispensable party in an *inter partes* proceeding, but because the case involved an *ex parte* rejection by the Commissioner, the court held that the Commissioner was an indispensable party. Since the court did not have jurisdiction over the Commissioner in the action, the case was dismissed.

If we, therefore, were to dismiss the *ex parte* appeal along with the *inter partes* appeal, the applicant would have to bring an action on the *inter partes* issue against the opposer where he could get jurisdiction over him, R. J. Moran Co. v. Seeck & Kade, Inc., D.C.S.D.N.Y.1950, 91 F. Supp. 188, *and* an action against the Commissioner of Patents on the *ex parte* denial of registration in the District of Columbia. He might not even be able to maintain the latter, as the District of Columbia courts might hold that applicant in electing to appeal to the Court of Customs and Patent Appeals initially, lost his right to a subsequent action under R.S. § 4915.

We do not believe that Congress intended to subject an applicant who has appealed here after losing his right to registration on both *inter partes* and *ex parte* grounds in the Patent Office during an opposition proceeding to such uncertainty of remedy merely because the opposer exercises his right of election on the *inter partes* matter. Nor do we believe that Congress intended that it should be within the successful opposer's power to frustrate an applicant's appeal on an *ex parte* rejection in which the opposer is not, and has never been, entitled to be heard in any stage of the proceedings *ex parte* between the applicant and the Commissioner of Patents as representative of the public's interests.

istration based on concurrent use, that "The Commissioner shall give not less than thirty days' written notice to all applicants, registrants, and users specified by any of the parties concerned of any application for concurrent registration and of the time and place of the hearings thereon." Such notice was not given in this case, so while the court could reverse the Commissioner as to the particular grounds on which the Commissioner denied registration of applicant's mark based on the concurrent use section, the case would have to be remanded so that the Commissioner could give proper notice to interested parties and give them a hearing on the issue of the registrability of applicant's mark based on concurrent user. After all that has been done, if the mark were to be passed for registration again, it would still be sub'ect to opposition proceedings.

Mention is made of this because the opposer herein may otherwise interpret the court's retaining of jurisdiction in the *ex parte* issue to mean that the court may possibly reverse the Commissioner without remanding, that is, reverse in such a way as to authorize the Commissioner to register the mark forthwith without regard to the requirement of notice above mentioned. In so saying, the court would not be understood as intimating any conclusion on the merits of the *ex parte* issue.

O'CONNELL, Judge (dissenting).

Our court, the courts of equity, and the Supreme Court of the United States have constantly recognized and repeatedly held that Congress in the enactment of the respective statutes as they now stand purposely intended to cut down and limit, but not to multiply and prolong, the number of appeals or new trials which the tribunals named in the statutes may hear and determine.

The universal trend imposed at this time throughout the nation by legislation and judicial decision is to the same effect and includes all kinds of litigious proceedings. Certainly, the case-splitting device, by which two points of a single proceeding are divorced from one another, and all further proceedings as to each respective point directed to be conducted in different jurisdictions, has no valid basis, decisional or statutory, in the law as it now exists.

Appellee's notice of election, in accordance with R.S. § 4911, 35 U.S.C.A. § 59a, has been made effective by the decision of the majority so that further proceedings in the District Court under R.S. § 4915, 35 U.S.C.A. § 63, shall be conducted there in part only and with sole reference to the commissioner's rejection of the application for registration on an inter partes basis.

Appellee's right to elect, in accordance with R.S. § 4911, has been denied, however, as to the commissioner's rejection of the same application on an ex parte basis. This court has retained jurisdiction as to that point and directed appellant to perfect its appeal to this court accordingly.

Generally stated, whenever an application is filed by a party under the new Act for the registration of a trade-mark, and there is no opposition to the registration, an ex parte proceeding results; and whenever the applicant's rights to such a registration is opposed, or contested, by any person adversely interested, the result is an inter partes proceeding.

One difference between those two kinds of cases, with respect to R.S. §§ 4911 and 4915, is that an ex parte proceeding is heard and determined in the District of Columbia, where the commissioner is a necessary party, or in the District Court in the district in which the commissioner accepts service; whereas an inter partes proceeding may be brought in the District and Territorial Courts, without regard to diversity or lack of diversity of the citizenship of the parties, and, as provided in section 21 of the Act of 1946, 15 U.S.C.A. § 1071:

"The Commissioner of Patents shall not be a necessary party to an inter partes proceeding under Revised Statutes 4915, but he shall be notified of the filing of the bill by the clerk of the court in which it is filed and the Commissioner shall have the right to intervene in the action."

The viewpoint reflected in the opinion of the majority has been expressed in prior

decisions of this court under the Trade-Mark Act of 1905. Mishawaka Rubber & Woolen Mfg. Co. v. Bradstone Rubber Co.[1] That viewpoint has been corrected by Congress in the simplified procedure defined for all courts by the Act of 1946, which provides:

"Sec. 37. In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent Office, and shall be controlled thereby." 15 U.S.C.A. § 1119.

Section 2(d) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052(d), among other things, provides also that: "Concurrent registrations may be ordered by a court in an action under the provisions of section 4915, Revised Statutes, under such conditions and limitations as the court considers proper in accordance herewith."

R.S. § 4915 provides that where an appeal has been taken to the Court of Customs and Patent Appeals, and such appeal is pending, "no action [in the District Court] may be brought under this section". Section 21 of the Act of 1946 has provided, however, that appellee shall have the right to elect in a proper case, as here, to have all further proceedings under R.S. § 4915. Robert, The New Trade-Mark Manual, 1947, page 95.

It must be remembered that we have before us a case on appeal, but not two cases. We have here an appeal in an inter partes case; but not two appeals, one in an inter partes case and another in an ex parte case, each presenting a single point in issue.

An ex parte matter in an inter partes case is but one of the issues or grounds of rejection involved in the inter partes

case. The decision in Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc.,[2] therefore confusingly and erroneously referred to an ex parte matter in the inter partes case as if two cases on appeal were there involved:

"The contention of appellant that the tribunals of the Patent Office erred in deciding the *ex parte* case before deciding the *inter partes* case is without merit."

Absence of a uniform rule throughout the nation with respect to the presence of the commissioner as a necessary or proper party to an inter partes case, prior to the enactment of the new statutory provision, was the source of the confusion appropriately exploited by Derenberg in the article mentioned in a footnote of the majority opinion. The point is still the basic issue underlying the difference of opinion on the instant motion to dismiss.

The Court of Appeals for the District of Columbia [now the United States Court of Appeals, District of Columbia Circuit] in a suit brought by an unsuccessful applicant for registration under section 4915 has squarely held that there is no other essential difference between ex parte issues upon which the Commissioner of Patents may refuse to register a mark as a matter of public interest and the issues in an inter partes proceedings where he acts as umpire in a private dispute between the parties. Tomlinson of High Point v. Coe, 74 App.D.C. 364, 123 F.2d 65, 66. The court there held that no such distinction can be properly drawn since *"Presumably, the Patent Office acts in the public interest in all cases, whether it grants or refuses a patent or a trade-mark registration."* (Emphasis supplied.)

A recent case discloses that the Commissioner of Patents in construing the decisions of this court has now resorted to the practice in the Patent Office of twice deciding in an inter partes proceeding the identical issue on the identical principle of law; once on an inter partes basis, and

1. Mishawaka Rubber & Woolen Mfg. Co. v. Bradstone Rubber Co., 109 F.2d 219, 27 C.C.P.A., Patents, 888.

2. Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 127 F.2d 318, 321, 29 C.C.P.A., Patents, 1024, 1029.

once more on an ex parte basis. Ippolito v. Nancy Ann Dressed Dolls.[3]

Whichever court by appeal or bill in equity may acquire jurisdiction over such a decision shall hear and determine the involved subject matter in its entirety. The Commissioner may or may not be a party to the litigation, but he is subject to the decree or judgment of the court after it is entered. United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 181, 44 S.Ct. 508, 68 L.Ed. 962. That is true although appellee-opposer defaults in appearance or the parties by consent attempt to settle the matter out of court.[4] Derenberg's highly documented article hereinbefore described concludes with the wise observation:

It is believed that the Lanham Act, by conferring upon the Commissioner a mere option to intervene in appropriate cases, has struck the proper balance between adjudications of private rights and cases involving a substantial public interest.

Whenever an appellee-opposer has no further interest in the subject matter of an appeal to this court, he is then "not a party to this appeal other than in form. The controversy presented to us [in that event] is solely between appellant and the Commissioner of Patents representing the public, *and it should be treated in all respects as an ex parte case with the Solicitor for the United States Patent Office appearing to represent the Commissioner of Patents.*" Island Road Bottling Co. v. Drink-Mor Beverage Co., 132 F.2d 129, 130, 30 C.C.P.A., Patents, 708, 709. [Italics supplied above in part.]

The doctrine hereinbefore described originated in the one page decision of the case last cited and has been frequently misapplied by the extension thereof to cover situations which do not exist in the case before the court. It will be noted that the appellee-opposer in the cited case did not appear on appeal as a party to the subsequent proceeding.[5] It must be remembered that the Commissioner of Patents on his own motion shall have the right to intervene as a party to an inter partes proceedings. Without a doubt, he would likewise intervene upon the request of the court, as was done in the second case of Island Road Bottling, supra.

Rule 26.3 [100.263] of the Rules of Practice of the United States Patent Office, 15 U.S.C.A.Appendix, relating to trade-marks does not provide for separate appeals to the commissioner from the decision of the Examiner of Interferences by any party on inter partes issues, as distinguished from ex parte issues, in an interference, opposition, cancellation, or a concurrent use proceeding.

Rule 26.4 [100.264] bearing the title "Appeal to court," likewise makes no such distinction between inter partes and ex parte appeals and reads as follows: "Any applicant for registration * * * or any party to an inter partes proceeding, who is dissatisfied with the decision of the Commissioner, may appeal to the United States Court of Customs and Patent Appeals or may proceed under section 4915, Revised Statutes (U.S.C.A., Title 35, sec. 63) * * *."

Our court on appeal and of its own motion will consider and properly determine the issue of public interest in any inter partes case whenever the Commissioner of Patents has originally sustained the opposition to the registration of a mark whose registration is prohibited by the mandate of the statute.[4] But the court will refuse either to consider or determine that issue whenever the Commissioner in the proceedings in the Patent Office has dismissed the opposition or failed to consider the issue. Revere Paint Co. v. Twentieth Century Chemical Co.[6]

The Court of Customs and Patent Appeals on an inter partes appeal containing among other issues, the issue of an ex

3. Ippolito v. Nancy Ann Dressed Dolls, 184 F.2d 201, 38 C.C.P.A., Patents, 720.

4. Schering & Glatz, Inc. v. Sharp & Dohme, Inc., 146 F.2d 1019, 32 C.C.P.A., Patents, 827; In re Laskin Brothers, 146 F.2d 308, 32 C.C.P.A., Patents, 820.

5. Island Road Bottling Co. v. Drink-Mor Beverage Co., 140 F.2d 331, 31 C.C.P.A., Patents, 816.

6. Revere Paint Co. v. Twentieth Century Chemical Co., 150 F.2d 135, 32 C.C.P.A., Patents, 1096.

parte rejection by the Commissioner of Patents, will determine the issue raised by ex parte rejection as decisive of the appeal, irrespective of the additional issues raised in the inter partes proceeding by the reasons of appeal.[7] There this court affirmed the ex parte rejection by the Commissioner of the mark "Telecolor" as being descriptive or misdescriptive although the Commissioner was no party to the appeal. See also Century Distilling Co. v. Continental Distilling Co.[8]

Confused litigants from time to time have advanced the contention, suggested here on the motion to dismiss the appeal, that the governing principles in an ex parte proceeding differ from and are not relevant in an inter partes proceeding. The late Judge Lenroot in the unanimous rejection of that contention, among other things, has stated that the Court of Customs and Patent Appeals could not assent to the proposition that the construction of the language of the Trade-Mark Act of 1905 was any wise dependent upon the nature of the instituted proceedings. In re Keller, Heumann & Thompson Co., Inc.[9] With respect to the phrase construed in the cited case, Judge Lenroot said:

"Nothing in any of the cases decided by this court, or by any other court so far as we are able to discover, has indicated that the construction of said phrase * * * should be different in an ex parte proceeding than in an inter partes proceeding.

  \*    \*    \*    \*    \*    \*

"We hold that the construction of the phrase * * * should be the same in *ex parte,* opposition, interference, and cancellation proceedings * * *."

The identical point was subsequently urged and again unanimously rejected by this court. In re Laskin Brothers, Inc.[10]

The decision of the Commissioner of Patents in a given case, ex parte or inter partes, may be reviewed on a record which contains either a single ground of rejection or numerous grounds of rejection, and that decision may be reviewed either by an appeal to this court or by filing a bill in equity, but not both, since the effect of the decision on appeal is the same as the adjudication in equity.[11]

The remedies provided by R.S. §§ 4911 and 4915 are alternatively and mutually exclusive, though differing, in that the proceeding in equity affords an opportunity for the introduction of new evidence which is lacking on appeal to this court. Moreover, contrary to the formerly prevailing rule in effect, the remedy elected is conclusive of the issues raised and of those which might have been raised, including the decision in an ex parte proceeding.[12]

Prior to the effective date of the Act of 1946, the statutory law made no reference, as it does now, to the law of unfair competition. But both laws by judicial authority had been considered together and construed as a unit for many years.[13]

The trade-mark law and the law of unfair competition are concerned not only with the protection of a property right existing in the individual owner of a trade-mark but also with the protection of the public from fraud and deceit. Stahly, Inc. v. M. H. Jacobs Co., 7 Cir., 183 F.2d 914, 917. There the court in an inter partes proceeding properly held: *"that the right*

7. Columbia Broadcasting System v. Technicolor Motion Picture Corp., 166 F.2d 941, 35 C.C.P.A., Patents, 1019.

8. Century Distilling Co. v. Continental Distilling Co., 3 Cir., 106 F.2d 486; and Vermont Farm Machine Co. v. Marble, C.C., 20 F. 117–119.

9. In re Keller, Heumann & Thompson Co., Inc., 81 F.2d 399, 400, 23 C.C.P.A., Patents, 837, 839.

10. In re Laskin Brothers, Inc., 146 F.2d 308, 32 C.C.P.A., Patents, 820.

11. Hoover Co. v. Coe, 325 U.S. 79, 87, 65 S.Ct. 955, 89 L.Ed. 1488; United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264.

12. Hemphill Co. v. Coe, 74 App.D.C. 123, 121 F.2d 897; Chase v. Coe, 74 App.D.C. 152, 122 F.2d 198; In re Isler, 33 C.C.P.A., Patents, 791, 795, 152 F.2d 1002. See also In re Hien, 166 U.S. 432, 17 S.Ct. 624, 41 L.Ed. 1066; Mont-O-Min Sales Corp. v. Wyeth, Inc., D.C.Mo., 92 F.Supp. 150.

13. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972, 974; S. C. Johnson & Son, Inc. v. Johnson, 2 Cir., 175 F.2d 176.

*of the public to be so protected is a right which transcends the rights of the individual trade-mark owner and is beyond his power to waive."* (Italics supplied.)

R.S. §§ 481, 483, 35 U.S.C.A. § 6, define the specific duties of the Commissioner of Patents but no statutory provision is therein contained by which the commissioner is nominated the protector of the public interest, sole or otherwise. The same is true of the statutes which define the duties of the courts.

However, the Commissioner of Patents, as well as the courts, when confronted with a record inimical to the public interest have by the very nature of their office not only the inherent power but also the duty to frame their decisions so as to protect the public interest.[14] Accordingly, the courts, as well as the Commissioner of Patents, constitute an authority qualified to represent the public interest in the determination of that issue.

Under the statutes enumerated, and under R.S. § 4914, 35 U.S.C.A. § 62, the court after hearing the case presented by appeal or bill in equity, shall return to the commissioner a certificate of its proceedings and decision, which shall be entered of record in the Patent Office, and shall govern the further proceedings in the case, whether or not the commissioner shall have exercised his right to intervene as a party to an inter partes proceeding.

The judgment of the Court of Customs and Patent Appeals or the decree of the District Court is binding upon the commissioner with respect to subject matter designed to protect the public interest, even though he had not been a party to the action.[15]

Assuming that appellee has no standing before the court as a protector of the public interest, nevertheless there is no legal basis for the doctrine, which the court continues to urge with persistent vigor, that the court itself is likewise powerless to protect the public interest, citing a line of numerous cases, including Revere Paint Co. v. Twentieth Century Chemical Co.[6]

There in the case last cited and others the writer of this opinion challenged the validity of the promulgated doctrine not only on the theory that the court's mandate to register the newcomer's identical mark for identical goods would cause the commissioner to violate his duty but also because the court's action in that case was directly adverse to the interest of the public.[16]

The rule of law enthroned by the court in those and similar cases has led to obviously strange results when applied by the tribunals of the Patent Office which are governed in such matters by the decisions or orders of this court.

The efforts of the Commissioner of Patents to reconcile and apply the doctrine of contradictory decisions concurrently promulgated by this court with respect to the protection of the public interest are reflected in the anomalous practices hereinbefore described.[17] Imagine the commis-

14. Burmel Handkerchief Corp. v. Cluett, Peabody & Co., Inc., 29 C.C.P.A., Patents, 1024, 1029, 127 F.2d 318; Coschocton Glove Co. v. Buckeye Glove Co., 24 C.C.P.A., Patents, 1338, 1343, 90 F.2d 660, 664; Stahly, Inc. v. M. H. Jacobs Co., supra.

15. American Steel Foundries v. Robertson, 262 U.S. 209, 43 S.Ct. 541, 67 L.Ed. 953; In re Crucible Steel Company of America, 185 F.2d 692, 38 C.C.P.A., Patents, ——; Plough, Inc. v. Intercity Oil Co., D.C., 26 F.Supp. 978; Burroughs Wellcome & Co. v. Nion Corporation, D. C., 60 F.Supp. 841; and authorities discussed in Alumatone Corp. v. Vita-Var Corp., 37 C.C.P.A., Patents, 1151, 1166, 183 F.2d 612, 622.

The final limitation in section 37 of the Act of 1946 hereinbefore set forth provides that the commissioner shall be controlled by the decree of the court. A similar provision in R.S. § 4914 governs the revision by the court of the decision of the commissioner involving a registered mark or the right to registration.

6. Revere Paint Co. v. Twentieth Century Chemical Co., 150 F.2d 135, 32 C.C.P.A., Patents, 1096.

16. Crown Overall Mfg. Co. v. Desmond's, 182 F.2d 645, 647, 37 C.C.P.A., Patents, 1118, 1121; Ippolito v. Nancy Ann Dressed Dolls, supra.

17. Crown Overall Mfg. Co. v. Desmond's; Mishawaka Rubber & Woolen Mfg. Co.

sioner's further dilemma when confronted, as he frequently is of late, with a controlling decree of the court of equity on the one hand and a governing judgment of our court on the other; both of which involve the identical subject matter upon which the respective courts have reached a squarely contradictory conclusion. Ex parte Westgate Sea Products Co., 84 U.S. P.Q. 368; Coca-Cola Co. v. Santa Cola Co., 85 U.S.P.Q. 426.

Section 47(b) of the new Act, 15 U.S. C.A. § 1051 note, made the act on the effective date thereof applicable to the subject matter of the appeal under R.S. § 4911 "In any case in which an appeal is pending before the United States Court of Customs and Patent Appeals", under the authorization contained in that section and in section 19, 15 U.S.C.A. § 1069, to the effect that in all inter partes proceedings the equitable principle of laches, where applicable, may be considered and applied. This court thereafter rendered a judgment whereby the appeal before this court was remanded to the commissioner for further proceedings in which the commissioner was governed by the certified decision of the court.[18]

The enhanced and broadly effective powers with which the Commissioner of Patents and the Court of Customs and Patent Appeals were newly endowed by the Trade-Mark Act of 1946 are fully discussed and documented in the valuable work by Robert, The New Trade-Mark

Manual, 1947, pages 132, 83, 88, 92, 196, 268. At the page cited last, one of the described purposes attempted to be accomplished by the new Act was:

"4. To remedy constructions of the present acts which have in several instances obscured and perverted their original purpose. These constructions have become so ingrained that the only way to change them is by legislation."

The United States Circuit Court of Appeals, District of Columbia Circuit,[19] has recently and squarely held in an enlightening decision that the provision in section 21 of the Lanham Act, which declares that in an inter partes proceeding to establish right to registration of trade-mark the Commissioner of Patents shall not be a necessary party, applies to all actions to establish the right to registration of a trade-mark instituted after effective date of the new act.

Appellant has raised no objection to appellee's election under the new Act to remove the appeal in its entirety to the District Court for the conduct of all further proceedings. Appellee should not be here restricted or hamstrung not only because the District Court is highly qualified and empowered to fully protect the public interest when the case is there entrusted but also because the parties should be relieved of all of the additional expense and all the technical apparatus of procedure imposed upon them by the segregating action of the majority on its own motion.

v. Bradstone Rubber Co., supra; Hygrade Sylvania Corp. v. Sontag Chain Stores Co., 125 F.2d 389, 29 C.C.P.A., Patents, 799; Emerson Electric Mfg. Co. v. Emerson Radio & Phonograph Corp., 90 F.2d 331, 24 C.C.P.A., Patents, 1279.

18. Willson v. Graphol Products Co., Inc., 165 F.2d 446, 35 C.C.P.A., Patents, 857. See also Andrew J. McPartland, Inc. v. Montgomery Ward & Co., Inc., 164 F.2d 603, 35 C.C.P.A., Patents, 802.

19. Gardel Industries v. Kingsland, D.C. Cir., 178 F.2d 974.