46 C.C.P.A. (Patents)

**The GILLETTE COMPANY**

**v.**

**Charles STERN.**

**Special Patent Docket No. 74.**

United States Court of Customs
and Patent Appeals.

Dec. 19, 1958.

Rowland V. Patrick, Boston, Mass., for appellant.

Aaron R. Townshend, Washington, D. C., for appellee.

Before WORLEY, RICH, and MARTIN, Judges.

PER CURIAM.

Appellant requests reconsideration of the order of dismissal of the appeal, entered in the above-entitled case on December 2, 1958, so far as it applies to reasons of appeal Nos. 19–21, 25–29 and 32, and moves that jurisdiction be retained by this court as to those reasons. The appeal was dismissed pursuant to a notice of election by appellee to have all further proceedings conducted as provided in 35 U.S.C. § 146.

The instant appeal was taken from a decision of the Assistant Commissioner reversing a decision of the Examiner of Interferences and dismissing appellant's opposition to the registration by appellee of the word "Juliette" as a trademark for ladies' electric razors. The opposition was based on various registrations owned by appellant including No. 371,-424 for "Gillette" and No. 409,066 for "Jilet," applied to electric shavers.

In the decision appealed from the Assistant Commissioner stated that:

"The sole question presented is whether or not applicant's mark 'Juliette,' when used on ladies' electric razors so resembles opposer's 'Gillette' marks as to be likely to cause confusion, mistake or deception" and that:

" * * * it is concluded that applicant's mark is not likely to cause purchaser confusion, or mistake."

Prior to the quoted statements, however, the decision contains the following:

"Opposer's record establishes prima facie abandonment of 'Gillette'

for electric shavers, as set forth in Reg. 371,424, and of 'Jilet' as shown by Reg. No. 409,066."

The reasons of appeal to which the instant request for reconsideration relates are directed to the last-quoted portion of the decision. It is contended by appellant that the question of abandonment of registrations Nos. 371,424 and 409,066 was not before the Assistant Commissioner inter partes and that the last-quoted statement is therefore an ex parte decision as to which the election provision in 35 U.S.C. § 141 and 15 U.S.C. § 1071 is inapplicable, citing Baxter Laboratories v. Don Baxter, Inc., 186 F.2d 511, 38 C.C.P.A., Patents, 786.

It appears, however, from the above-quoted portions of the decision, that no actual holding was made that either of the marks of registrations 371,424 and 409,066 was abandoned.

Under the circumstances above set forth, we are of the opinion that there is no ex parte question presented which would justify the retention by this court of any part of the instant appeal.

The order of dismissal has been reconsidered as requested but no reason is found for modifying it and appellant's motion for modification of it is accordingly denied.

Pursuant to appellant's motion to stay mandate, which accompanied the request for reconsideration, the mandate has been withheld until the date of the instant decision.